Archdale v. Moore et al.

HARVARD LAW SCHOOL LIBRARY

THOMAS ARCHDALE, Appellant, v. WILLIAM MOORE et al., Appellees.

APPEAL FROM PEORIA.

19 565
71a 473

19    565
92a ² 11
92a ² 88

Unless the finding of a jury is clearly and palpably against the weight of evidence, this court will not disturb it.

Where a manufacturer vends his own articles, there is an implied warranty that they are manufactured in a workmanlike manner; it is otherwise, if he is only a vender ; in that case, if there is neither fraud or warranty, the purchaser buys at his peril.

If a purchaser directs as to the manufacture of an article, the manufacturer is not then held liable as such for the workmanship.

THE Moores sued Archdale before a justice of the peace, from whose judgment Archdale appealed to the Circuit Court. Suit brought on account for $124.92, with credits of $40.81, in-

dorsed, against which Archdale filed an off-set of $225, for damages growing out of the subject matter of the plaintiff's account.    On trial in the Circuit Court, the Moores called *David Nichols*, who proved their account, and showed that $102.72 of the amount was for the cylinder of a threshing machine, furnished by them to Archdale.    This witness further testified, that the plate of this cylinder was of wrought iron, and was ordered from St. Louis by the Moores, at the request of Archdale.    That it came, first, riveted firmly together at the joint, but being too large, was sent back to be cut; that when returned it had an open or butt joint, with one or two small bands around it to hold it together ; that they made and put up machinery to order, when they had the proper tools to do the work ; that they did not make or roll cylinder plates, but made the heads, shaft, teeth, etc., for this cylinder, and put it together.    Archdale wanted three heads put in, one in each end, and one in the middle, with a band over ea  ; the middle head was not put in, and only one band put on   same which came round the plate from St. Louis ; it was three-eighths of an inch thick ; the middle head left out, because of a wind in the cylinder which would have crooked the shaft ; and the bands not put on, because Archdale would not wait, and said he would put them on himself, if required.    Witness testified before the justice, and then said nothing about a wind in the cylinder, but gave, as the reason for not putting in the middle head, *that the teeth were in the way.* Witness was foreman in Moores' shop, and neither he nor the Moores warranted this or any other work that ever went out of the shop.

Archdale then called *Samuel Pye*, who stated he was familiar with threshing machines ; had run them for six or seven years ; made the frame-work for, and hung the cylinder in question, and put up several since.    Saw this cylinder at Moores' before Archdale took it away ; was present when it was first put in motion ; it ran perfectly steady and true, and burst before one-third the requisite speed was attained, occasioning $25 actual damage to the wood-work of the machine ; there was no wind in this cylinder ; the middle head could have been put in without crooking the shaft.

Witness was then questioned as to the efficiency of this cylinder to thresh grain, and the evidence excluded by the court, to which defendant below excepted.    Defendant also offered to prove, by this witness, damages from interruption of business, caused by the bursting of this cylinder, which the court refused to allow, and defendant excepted.

Defendant then called *Edmund Grundy*, who said he was a machinist, and wrought at all kinds of iron machinery since he

was able to work.   Saw this cylinder when Nichols said it was finished, and that it was then balanced, which is the last thing done.   Nichols said Archdale wanted a middle head, and claw bands, but that he would warrant it.   I thought it a good job, but did not know then it had an open or butt joint ; it lay so I could not see this ; it needed this joint brazed, riveted, or welded together, and the Moores had the machinery to do this, or to have the middle head, and good stout bands ; without either, it was wholly insufficient.   Have seen many cylinders and threshing machines, but never one before without a middle head ; the small band around it was of no force to strengthen it.   There was no wind to prevent the middle head being put in ; Nichols alluded to nothing of the kind ; had there been any such wind, I should certainly have noticed it.

*John Kirkman* called.   Is a machinist; has worked at the business eighteen or twenty years ; has heard the evidence in this case.   Thinks a wrought iron cylinder plate, of the kind described, properly welded or riveted at the joint, would be strong enough to thresh grain ; without this it would be wholly insufficient, without strong bands at the ends and in the middle ; a middle head would have strengthened it much, and would have served to support the middle band, and keep the cylinder in shape.

*William Archdale* testified, that he saw the cylinder at Moores' before it was finished ; about half the teeth were then in, the heads in each end were in, but none in the middle.   My brother asked me to examine and see if the cylinder would do, without the middle head ; I told him I thought it would not ; Nichols said he would warrant it.   William Moore was then called, and said, whatever our foreman, Nichols, warrants, we will stand to.   There was nothing said about any wind in the cylinder.

—— *Smith* was then called by plaintiffs, who said : The defendant was present while the work was going on, and gave directions ; and that plaintiffs were not manufacturers of threshing machines.

The evidence here closed, and the court instructed the jury, for the plaintiffs, as follows :

1.   If the jury believe, from the evidence, that the defendant agreed to the manner in which the machinery for the threshing machine was constructed, and took the same as it was so made, it is immaterial whether the cylinder was a good one or not.

2.   If the plaintiffs did not manufacture the cylinder, but sent to St. Louis for it, at the request of the defendant, there is no implied warranty of the quality of the same on their part.

3. If the jury believe, from the evidence, that the defendant took the cylinder, and said that he would put on bands himself, (if needed) and the cylinder was defective for the want of bands only, this is not the fault of the plaintiffs, and they are not liable for such defect.

4. That a person who sells an article is not responsible for its defective operation, unless he is the manufacturer of the same.

5. If the jury believe, from the evidence, that Archdale applied to the plaintiffs to aid him in constructing a threshing machine ; that the same was made under his instructions ; that plaintiffs, at his request, sent to St. Louis for a cylinder, which proved to be defective ; and that defendant took the cylinder and machine without express warranty as to its quality, he is not entitled to any deduction on account of such defect.

6. That a servant or workman of a party has no authority to warrant work of any description, whether manufactured by the party or not, unless the jury shall believe, from the evidence, he was authorized to warrant by his employer.

To the giving of which instructions, defendant below excepted. The jury rendered a verdict for the plaintiffs for $84.11.

Defendant moved for new trial, which motion the court overruled, and rendered judgment for plaintiffs, and defendant excepted.

COOPER & REYNOLDS, for Appellant.

N. H. PURPLE, for Appellees.

WALKER, J. We are asked in this case to reverse the judgment of the court below, because the verdict is supposed to be against the weight of the evidence. There is in the case a conflict between the statements of witnesses in regard to some of the material facts, and it was for the jury, from all of the surrounding circumstances, to reconcile them if they could ; and if that could not be done, then to give weight to such portions as they deemed worthy of credit, and reject such portion as was not. They have the best opportunity to determine this, as they see the manner of the witness, his intelligence, his opportunity of knowing the facts of which he testifies, and his fairness in giving his evidence. The jury have determined which they should and which they should not believe, and we are not disposed, from the evidence in the case, to find fault with that determination. From the evidence in the case, it does not appear that the finding was clearly and palpably against the

weight of evidence, and unless it were so, we would not be justified in disturbing it; and we are of the opinion that the evidence did justify the verdict.

It was urged that the court erred in giving plaintiffs' instructions. It is the well-established doctrine, that where the vendor of manufactured articles is himself the manufacturer, there is an implied warranty that they are executed in a workmanlike manner; otherwise, if he is the seller only. And upon a sale of chattels, where there is neither a warranty nor fraud, the vendee purchases at his peril, and can maintain no action for a defect of quality. Hilliard on Sales, 230, 224; 2 Cromp. M. & R. 550; *Texas* v. *Wood*, 2 Cain R. 48; *Perry* v. *Aaron*, 1 John R. 120; *Defrees* v. *Trumper*, 1 John R. 274; 2 Blk. Com. 451. But where the seller is the manufacturer, the law implies a warranty that it is reasonably fit for the use for which it is intended. Hilliard on Sales, 230; Chitty on Cont. 356.

The jury were told by the first of plaintiffs' instructions, that if defendant agreed to the manner in which the machinery was constructed, and took the same as so made, that it did not matter whether the cylinder was a good one or not. There was evidence in the case that defendant directed how the cylinder should be made, and if the workmen followed his directions, he was the manufacturer, and the plaintiffs should not be liable for the insufficiency of the machine; and this instruction so directs the jury.

The second charges the jury, that if plaintiffs did not manufacture the cylinder, but sent to St. Louis for it, at defendant's request, there was no implied warranty of its quality. The evidence did tend to show that plaintiffs sent to St. Louis for it, at defendant's request, and if that was the fact, we have seen that the plaintiffs thereby incurred no liability, as they were only acting as sellers by so doing.

By the third, the jury were charged that if they believed, from the evidence, that defendant took away the cylinder, and said he would put on bands himself, (if needed,) and that it was defective for the want of bands only, that would not be the fault of the plaintiffs, and they were not liable for such defect. There was evidence that when defendant took the cylinder he said he would put bands on it if they were needed; and there was evidence also tending to show that it was only for want of such bands that it was defective. It cannot be insisted that plaintiffs should be liable for the failure of defendant to put on these bands as he agreed. And for his failure to do so, he should alone be responsible.

The fourth charged the jury that a person who sells an article is not responsible for its defective operation, unless he is the

manufacturer of the same. This instruction is fully sustained by the authorities referred to above, and the evidence tended to show that plaintiffs were not the manufacturers of the portion of the machine which proved defective, and this instruction was properly given.

The fifth contained the same propositions that were contained in the former instructions, and was therefore unobjectionable.

By the sixth the jury were charged "that a servant or workman of a party has no authority to warrant work of any description, whether manufactured by the party or not, unless the jury shall believe, from the evidence, he was authorized to warrant by his employer." This instruction, though not very carefully worded, is not erroneous; it left it to the jury to find whether plaintiffs' workman had warranted the cylinder, and if so, whether he had authority from them. It did not indicate how the authority should be established, but left the jury to determine that question from all of the evidence in the case.

It was urged that the court erred in not permitting witness Pye to give his opinion as to the sufficiency of this machine to thresh grain. He had already testified to facts that left no doubt of its insufficiency; and it was not disputed by plaintiffs. Its insufficiency was not a question in dispute, and his giving an opinion on that point could not have been of any benefit to defendant. It would not have had the slightest tendency to have changed the result of the case, and as no injury resulted to defendant by the exclusion of this evidence, he has no right to complain. On the whole record we are unable to discover any error for which the judgment should be reversed. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*