# SUPERIOR COURT.

## SPRING SESSIONS.

## 1873.

---

IGNATIUS T. COOPER *v.* DANIEL L. McBRIDE.

When the only plea in an action of trespass *quare clausem fregit* is justifi-
cation and a right of way through the *locus in quo*, the burthen of estab-
lishing it is on the defendant, and gives him the opening and conclusion.
A continued and uninterrupted adverse use of a private way over another's
land for twenty years establishes a legal right to use and enjoy it. But
such use of it must be under a claim of right, and not by the consent,
license, or indulgence merely of the owner of the land, for this is the
meaning of the term adverse when it is thus employed in its legal sense.
If the use of it, however, commenced with the consent or permission of
the owner of the land, or those through whom he claims, it cannot grow
or ripen into a right so long as the consent or permission is presumed to
continue, and which will be presumed to continue until it is satisfactorily
shown to have been afterward continuously used and enjoyed for twenty
years as a right.

TRESPASS *quare clausem fregit*. The *locus in quo* was a
private lane and way between the premises of the parties
on which they respectively resided in Camden, and extend-
ing from the main street of the town back to the rear of
both of their lots, where each had a stable and pound open-
ing into it, and which had the appearance of being old
buildings as early as the year 1814. According to the evi-
dence, the lane had always been without any gate, or bars

on Main street, until the plaintiff proceeded to erect a gate across it and fastened it with a lock and chain. Previous to that time the lane had always been used in common by the parties to the action and by all who had owned or occupied their respective premises before them ; and there was no other way in which the defendant or those who had owned or occupied the premises now owned by him, could have got to or from the stable on them with horses or cattle. In the spring of 1871 the defendant removed the gate by breaking the lock and chain and cutting it down, and for it this action was brought by the plaintiff, who proved by one witness that in the year 1822 the property of the defendant was owned by one Vincent Offley, and that of the plaintiff by Doctor James Fisher, both since deceased, and that the former told him in that year, that the latter had been so kind as to give him permission to use the lane for hauling hay to his stable, provided he would remove and set in the fence on his side of it, so as to give it sufficient width for that purpose, and that he did soon afterward take up his pales and reset his fence further in upon his premises, which made it about three feet wider than it was before that time. The only plea was justification and right of way in the lane.

*Smithers*, for the defendant. As it was the only plea, the burthen of maintaining the affirmative of the issue joined was on the defendant, and that would entitle him to the opening and conclusion in the trial of the case.

*Comegys*, for the plaintiff. The *onus* of proving the damages alleged in the declaration rested on the plaintiff, and that would and should entitle him to the opening and conclusion.

*The Court.* But as the alleged act of trespass is admitted and justified by the only plea entered in the case, the burthen of establishing the justification of it is on the defendant and gives him the right to open and conclude.

*Smithers*, (*Ridgely* with him) for the defendant. The defendant had a right to abate the obstruction. *Woolw. on Ways*, 257. 4 *Law Libr.* 205. *Com. on Landl. & Ten.* 247. 6 *Law Libr.* 138. *Proud v. Holles*, 8 *E. C. L. Rep.* 7. The doctrine of acquiring a right to an easement by user is in analogy to the statute of limitations. 2 *Greenl. Ev.* secs. 539, 543. 3 *Kent's Com.* 567. 2 *Washb. on Real Prop.* 48. *Miller v. Garlock*, 8 *Barb.* 155. And twenty years of continuous, uninterrupted and adverse enjoyment of an easement, or of a way over another's land, gives a right to it, for a prescriptive right of way will be presumed from such an adverse enjoyment of it; and such an enjoyment without proof as to how it began, will be presumed to have been in pursuance of a grant, and the burden of showing the contrary will rest on the owner of the land. *Huggins v. McGregor*, 1 *Harr.* 447. *Delaney v. Boston*, 2 *Harr.* 489. *Garrett v. Jackson*, 20 *Penn.* 335. *Tyler v. Wilkinson*, 4 *Mason* 402. 3 *Kent's Com.* 445. And it is no objection that the enjoyment of it was gained by permission in the inception of it, if it has been used as a right. It is true that the claim may be defeated by interruption within the legal period, but this must be of the right to it, and not of the use of it merely. Such interruption, however, must not be tortious. 2 *Greenl. Ev.* sec. 545. 2 *Saund. Pl. & Ev.* 925. And the acquiescence of the owner of the land in it may even be inferred from circumstances. 2 *Greenl. Ev. secs.* 545, 663. 2 *Saund. Pl. & Ev.* 924. And a grant proved within the time of memory, does not necessarily destroy the presumptive or prescriptive claim. 2 *Saund. Pl. & Ev.* 925. 2 *Stark Ev.* 668. An actual license or permission to use the lane would expire with the life of the party to whom it was given, and would not pass to a purchaser of the premises, or by descent upon his death to his heirs at law, because it would be neither assignable nor inheritable, but would be particular and personal and would have expired with him. 19 *Ill.* 565. 20 *Penn.* 331. But if the right and easement is appurtenant to an estate, it will pass with it both by pur-

chase and descent. Having shown a user of the lane for
so long a time by the defendant and those who preceded
him in the title and possession of the premises owned by
him, it established his right to use it, unless it had been
shown that it had been used by the consent and permis-
sion, directly of those under whom the plaintiff claims to
own it.

*Comegys,* (*E. Saulsbury* with him) for the plaintiff. The
plaintiff was entitled to recover unless the defendant had
proved to the satisfaction of the jury that he and those
under whom he claims title to his premises, have for a
period of twenty years, at least, prior to the institution of
the suit, had an exclusive and uninterrupted adverse use
and enjoyment of the way in question. That the adverse
enjoyment of a way means that it is under a claim of right
and title to it with the knowledge and acquiescence of the
owner of the land, and that the burden of proving this
was on the defendant; for if he leaves it doubtful whether
the use of it was adverse and known to the plaintiff, and
was uninterrupted for that period of time, at least, the
defence relied on could not avail him, and the plaintiff
would be entitled to recover. That if the jury should
believe that the defendant's enjoyment of the way has
existed by the consent or license of the plaintiff and those
under whom he claims to own the lane, no presumption of
a grant of a right of way through it to the defendant by
any one, could be made or entertained by them. Or if
they should believe that the enjoyment commenced by per-
mission given to Vincent Offley, a former owner of the
defendant's premises, or any former owner of them, no
lapse of time could convert the privilege so acquired into
a right, unless it could be shown (and the whole burden of
proving that was on the defendant in this case) that at
some period, at least twenty years before the commence-
ment of the action, some owner of the property of the
defendant did claim to the knowledge and with the acqui-
escence of an owner of the property of the plaintiff, the

privilege as a right.    2 *Greenl. Ev. sec.* 539.    *Colvin v. Burnett*, 17 *Wend.* 568.    *Sargent v. Ballard*, 9 *Pick.* 251.    4 *Pick.* 227.    But if the defendant had a right of way to pass over the land of the plaintiff, it did not justify him in breaking open and cutting down the gate in the manner proved, as he was not at the time in the actual possession or occupancy of the premises. 19 *Ill.* 558.    And any subsequent admission or acknowledgment of the defendant or any previous owner of his property, that he did not claim a right to use the lane against the will of the plaintiff or any preceding owner of it, would be conclusive against his claim of right to so use it.    *Sargent v. Ballard*, 9 *Pick.* 251.

Counsel for the defendant replied.

*The Court, Gilpin, C. J., charged the jury.*    It is well settled that a continuous, uninterrupted adverse use or enjoyment of a way over another's land for a period of not less than twenty years, establishes a legal right to use and enjoy the same.    But the enjoyment of it must be continuous, uninterrupted and adverse, as of right, or in other words, under a claim of right, and not by the consent, license or indulgence merely of the owner of the land, for this is the meaning of the term adverse when it is thus employed in its legal sense.    If, then, the jury should be satisfied from the evidence that the defendant and those through whom he claims, have enjoyed such an adverse use of the way or lane in question for full twenty years prior to the erection of the gate across it by the plaintiff, your verdict should be for the defendant.    The counsel for the plaintiff, however, whilst conceding that the defendant and those under whom he claims have enjoyed the use of it for more than twenty years, have contended that they have enjoyed the use of it during that time by the express permission and consent of the owners of the property now held by the plaintiff, and not as a matter of right, or adverse to their claim and title as legal owners of it.    If such was in fact the case, that is to say, if the use of it by the defendant and those through whom he claims, was

by the permission, consent, license or indulgence of the plaintiff and those under whom he claims to own the lane, then it was not adverse in the sense and meaning of that term, and however long it may have continued, it could not grow or ripen into a right to use it hostile to the claim and title of the owners of the land over which the way is claimed on behalf of the defendant, so long as such consent and permission is presumed to continue; and if such use and enjoyment of the way on their part was commenced with the consent or permission of the owner of the soil over which it laid, the law will presume that it continued by consent and permission, unless it had been shown by the evidence that the defendant and those under whom he claims, had since been using it without interruption for a period of twenty years at least prior to the closing of it by the erection of the gate across the lane by the plaintiff, not by the permission or consent merely of the owners of it, but adversely and as of right, independent of their will and pleasure in regard to the matter. For notwithstanding the use of it by the defendant and those under whom he claims, may have commenced by the permission of the owner of it, and if so, is presumed to continue by permission, yet it might become at any time afterward adverse in its character upon its being used and enjoyed as a right and in hostility to the rights and title of the owner of the soil; and in case such an adverse use so acquired has continued uninterruptedly for twenty years, it will have grown and matured into a right of way which cannot be successfully controverted or resisted by the owner of the ground over which it is claimed. But the legal presumption of the continuance of the permission in such a case, may be rebutted and denied by any evidence sufficient to satisfy the jury that after the permission was granted, the way was used and enjoyed adversely and under a claim of right. The question in this case for the jury to decide is whether the way in dispute between the parties was used by permission or adversely for a period of twenty years as before stated.

Vincent Offley may have used the way by permission, but those who succeeded him in the ownership and possession of the the premises now owned by the defendant may have used it under a claim of right. And if it was so used by them afterward adversely and uninterruptedly for a period of twenty years as before mentioned, their verdict should be in favor of the defendant; but if it was not, then their verdict should be in favor of the plaintiff, and for the amount of damages which he had sustained by reason of the destruction of the gate and the trespass and injury complained of in his declaration. The burden of showing the right of way claimed and asserted by the defendant in the lane rests upon him, and unless the jury should be satisfied that he had such an adverse and absolute right of way in and through it as he had before stated the plaintiff would be entitled to recover in the action.

The defendant had a verdict.