## Martin & Company et al. v. C. A. Roehm et al.

1. WARRANTY—*Where None Can be Implied by a Vendor as to Quality.*—There is no implied warranty as to quality by a vendor who is not a manufacturer.

2. CAVEAT EMPTOR—*Where the Rule Applies.*—Where a purchaser from a jobber has an equal opportunity to inspect the property as the jobber has, the doctrine of *caveat emptor* must be held to apply.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

ISAAC C. EDWARDS, attorney for appellants.

QUINN & QUINN and W. I. SLEMMONS, attorneys for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a suit by appellees against appellants, to recover the amount claimed to be due on a certain note for $446.71, dated December 31, 1897, given by appellants in settlement of the balance due from them to appellees on an order for goods purchased by the latter in 1897. There was dispute between the parties as to certain items claimed by appellees as a set off, and hence the note was marked "not negotiable." The defendants pleaded the general issue, and there was also a stipulation that any evidence proper under any special plea, and under any replication thereto, should be admitted. A jury was waived and the cause tried by the court. There was a finding and judgment for the plaintiffs for $507.55. Defendants bring the case to this court and assign for error that the court erred in finding for the plaintiffs; that the court found contrary to the law and the evidence, and erred in holding the first, fourth and fifth propositions of law, and each of them, to be the law in this cause.

The note was given for a balance due appellees for a lot of buggy wheels sold by appellees to appellants. The defense set up was that after appellants had put the wheels upon the buggies and painted and sold them, a large part of them were returned or came back to appellants in bad condition. The wheels were manufactured by the Mutual Wheel Company of Moline, Illinois, and were sold by appellees to appellants through the traveling salesman of the former, W. D. Gordon. The size of the several parts of the wheels was designated and specified by the president and superintendent of appellants. They were to be of the grade known as the " D " grade, which was the cheapest grade manufactured by the Moline Company. Appellees were not manufacturers of the wheels but merely jobbers, and as such sold the goods to appellants. These facts were well known to the president and superintendent of appellants, who were the parties making the contract on their behalf. No express warranty was required and none was given. These facts clearly appearing in the evidence, we think the defense sought to be interposed was not maintained. As we understand the law, there is no implied warranty as to quality by a vendor who is not a manufacturer. Archdale v. Moore, 19 Ill. 565; Kohl v. Lindley, 39 Ill. 195; Ramming v. Caldwell, 43 Ill. App. 175.

In the case at bar there was no express warranty and no evidence of any fraud in the sale. Martin & Co. had as good a chance to inspect the wheels and ascertain their condition as had appellees. The doctrine of *caveat emptor* must be held to apply. The authorities cited by counsel for appellants have no application to a case of this character.

But even if the law were otherwise, the evidence given on the part of appellants was entirely too uncertain and indefinite to form the basis of an allowance by way of recoupment or set-off. Neither Mr. Martin, the president, nor Mr. Brownlee, the superintendent of appellants, were able to give the number of wheels returned or the cost of the repairs. Before a party can be allowed a claim of set-off, he must show with some reasonable degree of certainty

what the claim amounts to and the items thereof. This was not done and hencewe do not see how the court below could have found otherwise than he did on the evidence. We think the law was properly applied to the facts of the case. The judgment will be affirmed.