Carrier-Low Company, Appellee, v. Benjamin Keys, Appellant.

### Gen. No. 15,456.

SET-OFF—*how must be established.* Before a party can be allowed a claim of set-off, he must show with some reasonable degree of certainty what the claim amounts to and the items thereof.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911,

LEE & LEE, for appellant,

CHARLES S. KNUDSON, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court in favor of appellee for $919.55 and costs.

The plaintiff is a corporation, engaged in the manufacturing of paper cartons or boxes, which it claims to have sold and delivered to the defendant. The declaration contained the common counts, and the affidavit of claims was for goods, wares and merchandise sold and delivered, amounting to the sum of $1,057.19.

Appellant is the inventor of a patent paper carton or box, used in shipping eggs. These cartons or boxes he did not manufacture, but made a contract with appellee to manufacture for him at a specified price. During the period from 1905 down to August, 1908, the time of the beginning of this suit, appellant placed large orders from time to time with appellee for the delivery of specific quantities of these boxes at his Chicago place of business. Appellant solicited orders for the cartons from his customers, which orders he himself filled. As appellant received the goods, he made payments from time to time upon account, but his account during the entire period was never balanced. Upon the trial, it was conceded that, after crediting the various payments by appellant there would be due to appellee a balance of $1,057.19, except that appellant claimed to be entitled to an off-set for cartage, express paid by him, defective goods supplied, and shortage in quantities claimed to be delivered. These various items of set-off appellant claimed would aggregate considerably more than the total amount of the claim of appellee against him.

From the testimony it appears that, though appellant claims items of set-off under the previous enumeration during the entire period of their business arrangement, yet at no time had he either charged against appellee upon his books any specific amounts by way of damage or shortage or had he at any time claimed from it any specific amount.

The testimony shows that, on various occasions, when he

was asked for money, he stated to appellee that he had some claims against it for expressage, shortage, etc., and that he would come and see about it. Appellant having conceded the correctness of the claim of appellee, made such proofs as he could concerning his various items of set-off before the jury, and the jury allowed the set-off in the amount of $141.64.

We have carefully read the entire evidence, and do not find from the whole testimony any such definiteness and conclusiveness as would justify us in interfering with the verdict of the jury. That appellant was entitled to a set-off in some amount is probable; that he may have been entitled to more than the jury allowed him, if he had been able sufficiently to prove his set-off, is also probable, but upon the testimony actually adduced, we do not think we should disturb the verdict of the jury.

In a somewhat similar case the Supreme Court said: "The evidence given on the part of appellants was entirely too uncertain and indefinite to form the basis of an allowance by way of recoupment or set-off. Neither Mr. Martin, the president, nor Mr. Brownlee, the superintendent, of appellant, was able to give the number of wheels returned or the cost of the repairs. Before a party can be allowed a claim of set-off, he must show with some reasonable degree of certainty what the claim amounts to and the items thereof." Martin & Co. v. Roehm, 92 Ill. App. 87.

We think it apparent that appellant desired to avoid any controversy with the appellee over the matter of his set-off, which would in any way interfere with their business relations. He regarded as very much to his interest that they should continue to manufacture his cartons or boxes, and he may have allowed many items to pass which, had his attitude and method been different, might have properly formed the basis of a very substantial claim of set-off.

No questions of law are presented to us for consideration. The amount of set-off to which appellant was entitled is purely a question of fact, and from a careful examination of the testimony we are not able to say that the verdict does not do

substantial justice to appellant, upon the evidence submitted. The judgment will, therefore, be affirmed.

*Affirmed.*