# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 8, 2022

Richard L. Abbott, Esquire
Abbott Law Firm
724 Yorklyn Road, Suite 240
Hockessin, Delaware 19707

Donald L. Gouge, Jr., Esquire
Donald L. Gouge, Jr., LLC
800 North King Street, Suite 303
Wilmington, Delaware 19801

RE: ***Everett W. Jones, III, et al. v. William T. Collison*,**
Civil Action No. 2020-0149-MTZ

Dear Counsel:

I write to address the Motion for Reargument And/Or New Trial (the "Motion") filed by plaintiffs Everett W. Jones, III, and Margaret E. Dayton ("Plaintiffs").[1] The Motion asserts the Court's post-trial order (the "Order") misapprehended the law governing permissive use of another's land in concluding Plaintiffs failed to prove the elements of adverse possession.[2] For the reasons that follow, the Motion is denied. I write for the parties and those familiar with the Order, using the terms defined therein.

---

[1] Docket Item ("D.I.") 75; *see also* D.I. 73.

[2] *See Jones v. Collison*, 2021 WL 6143598 (Del. Ch. Dec. 30, 2021) [hereinafter "Order"]. As in the Order, citations in the form "PX —" refer to Plaintiffs' trial exhibits and citations in the form "DX —" refer to Defendant's trial exhibits. *See* D.I. 66; D.I. 67.

Under Court of Chancery Rule 59(f), reargument will be granted only where the Court "overlooked a decision or principle of law that would have controlling effect or . . . misapprehended the facts or the law so the outcome of the decision would be different."[3] A motion to set aside a final judgment under Rule 60 may be granted in the Court's discretion on upon such terms which are just, in view of the significant interest in preserving the finality of judgments.[4]

As an initial matter, I note that while the Motion was pending, Plaintiffs filed a notice of appeal.[5] Only the Delaware Supreme Court can determine whether that notice was effective. Yet I cautiously proceed to resolve the Motion based on Supreme Court precedent holding that a notice of appeal filed while such a post-trial motion is pending "is a nullity"[6] that "never divested [the trial court] of jurisdiction to act on the appellants' motion for reargument."[7]

---

[3] *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 13, 2014) (compiling cases).

[4] *See, e.g.*, *Wolf v. Triangle Broad. Co.*, 2005 WL 1713071, at *1 (Del. Ch. July 18, 2005).

[5] D.I. 77.

[6] *First Health Settlement Class v. Chartis Specialty Ins. Co.*, 111 A.3d 993, 998 (Del. 2015).

[7] *Bowen v. E.I. DuPont de Nemours & Co., Inc.*, 879 A.2d 920, 922 (Del. 2005).

The Order found the Original Drainage Pipe was likely installed before 1980 and was in place by at least April 1987.[8] Before this action was filed, Plaintiffs represented through counsel "that the Original Drainage Pipe was 'placed there with the consent of all former property owners' and that 'the former owners of the Lots agreed to the placement of a joint drainage pipe and drain that commenced on [Plaintiffs' Lot], and traveled across [Defendant's Lot]."[9] Based on these unrebutted statements, I found that "whoever installed the Original Drainage Pipe had permission from both Lots' owners."[10] I concluded the Original Drainage Pipe was permissive and not adverse, and so Plaintiffs failed to establish a prescriptive easement.[11]

On reargument, Plaintiffs contend that the Court misapprehended the law in concluding that the original permissive license from the Peterses continued after the Peterses sold Defendant's Lot to the Kraatzes in April 1987. Plaintiffs contend the change of title revoked the permissive license, and effectively restarted the adversity

---

[8] Order at *2.

[9] *Id.* (quoting PX 9 at 1, and DX 1 ¶ 23).

[10] *Id.*

[11] *Id.* at *5 (citing, *inter alia*, Restatement (Third) of Property (Servitudes) § 2.16 cmt. f (2000) ("A use that is initially permissive can become adverse only by express or implied revocation or repudiation of the license.")).

analysis in April 1987. Plaintiffs argue the Kraatzes never granted permission themselves, so the Original Drainage Pipe became adverse in April 1987 and remained so for over twenty years.

Plaintiffs are correct that permission to use another's land is a form of license, and that such a license is always revocable.[12] But Plaintiffs are incorrect on the fate of such a license when the grantor sells the servient property. This Court settled in 1910 whether permissive use is revoked by conveyance of the servient estate, in *Baynard v. Every Evening Printing Co.*[13] The *Baynard* Court began with the principle

> that if there is a permission or consent of the owner of the servient tenement to the user at the time when the user began, ***the subsequent user does not become adverse, unless there be something said or done showing that the continued user was thereafter under a claim of right arising otherwise than the original permission*** and so continued for 20 years uninterruptedly. . . . The claim of right must be based on something other than the original transaction, if that be a permission, for its continuance as a permission is presumed until rebutted.[14]

---

[12] *E.g.*, *Coker v. Walker*, 2013 WL 1858098, at *3 (Del. Ch. May 3, 2013) ("A license amounts to a permissive use granted by the owner of a property to another which is terminable at the will of the owner.").

[13] 77 A. 885 (Del. Ch. 1910).

[14] *Id.* at 890 (citing *Cooper v. McBride*, 9 Del. (4 Houst.) 461 (Super. 1873)) (emphasis added).

Then the Court considered whether a subsequent conveyance alone could rebut the

continuance of permission or revoke that permission. It concluded it cannot.

> In the case at bar, there was nothing but the conveyance of the servient tenement, and in the absence of some authority, or some reasonable principles shown for it, a mere conveyance of the legal title to the servient tenement will not render the subsequent user i[p]so facto adverse. Therefore it has been held that, when the user begins by prescription, its continuance after a conveyance of the servient tenement will not, solely by reason of the conveyance, be deemed adverse.
>
> . . .
>
> [I]nasmuch as the original user began by permission, such permission was presumed to continue until it be shown that the user became hostile, and therefore adverse as well as under a claim of right, and there was no evidence to rebut the presumption of the continuance of the presumption. . . . [T]he conveyance of the defendant's land to the defendant did not ipso facto render adverse the user theretofore permissive. [15]

---

[15] *Id.* at 891–92.

The Order did not overlook this law. The Order cited the Restatement (Third) of Property (Servitudes), which explains: "A use that is initially permissive can become adverse only by express or implied revocation or repudiation of the license." Order at *5 n.68 (citing Restatement (Third) of Property (Servitudes) § 2.16 cmt. f (2000)). That section goes on: "Although it is often said that a license is not transferable, transfer of a permissive use right seldom converts a permissive use into an adverse use." *Id.* Illustration 19 explains "the transfer of [property,] alone, would not constitute a repudiation of the license." *Id.* at illus. 19. Other facts about the relationship between the user and the first owner as compared to the second owner could justify a conclusion that the license was revoked upon transfer; but transfer of the property alone does not repudiate the license.

So too here. Plaintiffs point only to the transfer of Defendant's Lot to the Kraatzes as the means of revoking the permissive license for the Original Drainage Pipe. As a matter of law, that is not enough. Plaintiffs do not point to any other evidence that use of Defendant's Lot while the Kraatzes owned it was adverse. The only evidence of the character of use, while after the twenty-year prescriptive period, is the fact that the Kraatzes gave permission to update the Original Drainage Pipe in July 2007.[16] Plaintiffs have not demonstrated Plaintiffs' Lot's permissive use of Defendants' Lot ever became adverse.

In the alternative, Plaintiffs contend that if their Lot's use of Defendant's Lot remained permissive after the Kraatzes bought Defendant's Lot, then that permissive use continued unabated such that Plaintiffs enjoy that permission. This is the first time Plaintiffs have asserted they have permission to prevail on Defendant's Lot. To date, they have exclusively asserted a theory of prescriptive easement.[17] "A party

---

[16] Order at *2 ("After obtaining Mr. Kraatz's approval, Plaintiff Jones reconfigured the drainage system for the water runoff of both Lots. Plaintiff Jones installed a drain box underground where the drain lines for the Lots met (the 'Drain Box')." (alterations and internal quotation marks omitted) (quoting *Dayton v. Collison*, 2020 WL 3412701, at *2 (Del. Super. June 22, 2020), *aff'd*, 250 A.3d 763 (Del. 2021) (TABLE))). This is also consistent with Plaintiffs' statement through counsel that the Original Drainage Pipe was "placed there with the consent of *all* former property owners." PX 9 at 1 (emphasis added).

[17] *See generally* D.I. 1; D.I. 21; D.I. 27; D.I. 57.

may not present a new argument for the first time in a motion for reargument.  Thus, the argument is waived, and the motion for reargument is denied."[18]

Finally, Plaintiffs have offered no basis under Rule 60 to set aside the judgment in Defendant's favor.[19]

The Motion is **DENIED**.  To the extent the foregoing requires an order to take effect, **IT IS SO ORDERED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*

---

[18] *inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *2 (Del. Ch. Nov. 18, 2016) (footnote omitted) (citing *Oliver v. Boston Univ.*, 2006 WL 4782232, at *1 (Del. Ch. Dec. 8, 2006)).

[19] *See* Ct. Ch. R. 60.