JOHN SAMUELIAN *vs.* AMERICAN TOOL AND MACHINE
COMPANY.

Suffolk.    January 20, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Master and Servant — Action.*

If a servant of A. is sent by his master to repair machinery belonging to B., who
directs him what to do, and while so engaged he is wholly under the control of
B., although the latter relies largely upon his skill and experience, he is for
the time the servant of B., and not of A., and if through his negligence an-
other servant of B. is injured, an action for such injury cannot be maintained
against A.

TORT, for personal injuries occasioned to the plaintiff by the
alleged negligence of the defendant. Trial in the Superior
Court, before *Hammond,* J., who allowed a bill of exceptions,
in substance as follows.

It appeared that the plaintiff was employed by the Collins
Press Corporation as a press feeder at its establishment in Bos-
ton; that the press upon which the plaintiff was working got
out of order, whereupon he was put to work upon another press;
that one Francis A. Guell, a machinist, who was in the employ
of the defendant, was sent by the latter to the Collins Press
Corporation; and that, after Guell had substantially completed
the repairs of the press, the plaintiff returned to it, and pro-
ceeded, after Guell had oiled the parts repaired, to oil the
plunger, whereupon Guell started the press in motion without
giving notice to the plaintiff, as the latter testified, and he sus-
tained the injuries complained of. There was no evidence offered
by the plaintiff that Guell was working under the direction of
any servant of the Collins Press Corporation. There was some
testimony tending to show that Guell was negligent in starting
the press; and that the plaintiff was in the exercise of due care.
There was also testimony that a press feeder's duties are to feed
the sheets of paper, one at a time, into the press, to start and
stop the press as occasion required, and to keep the same prop-
erly oiled; and that a pressman was employed, who controlled

the general operation of the press, and saw that it was properly working.

At the conclusion of the plaintiff's evidence, the defendant requested the judge to rule that the action could not be maintained, on the ground that the negligence relied on was the negligence of a fellow servant; but the judge declined so to rule at that time, and the defendant proceeded to put in its evidence.

Edward J. Eichler, employed in the office of the defendant corporation, testified that, on the day of the accident, he received a message from the Collins Press Corporation to send a man; and that, in consequence of the message, Guell was sent there. On cross-examination, he testified that the defendant charged the Collins Press Corporation for Guell's time at fifty cents an hour, reckoning from the time he left the shop until he got back.

Guell testified, in substance, as follows : "I received an order to go to the Collins Press Association from Mr. Roberts, the foreman of the defendant corporation. There was a stud given me which broke in the press. When I got to the Collins Press building, the foreman, Mr. Noyes, set me to work. He showed me the press that needed repairing. He said he would like to have the press fixed. I did the part that I went there to do, put the stud in, and set the press so as to run. He did not tell me exactly what he wanted done; he told me he wanted that press fixed. I fixed what is called the shoes, and the double rack. I think I worked there about seven hours. I did not do anything to the plunger, or to the parts near the plunger, or directly connected with it. There was no other person from the defendant corporation present while I was at work, or giving me any instructions what to do, or how to perform the repairs."

On cross-examination, the witness testified that he was a skilled machinist; that when he was sent to look after a job on a press like this, he knew what the matter was with it after he looked at it; that when he saw something the matter with a press he knew what it was, and when a general order was sent to his company to send a man they sent him, because he knew how to do a piece of work without any direction from anybody;

that the plaintiff did not do any of the machinist's work in repairing that press; that a machine had to be oiled in a great many places before it would work well; that he did not regard it as a part of his duty to oil the plunger; and that he had not got through work when the accident happened, and his tools were still around there.

Benjamin N. Noyes, foreman of the Collins Press Corporation at the time of the accident, testified, in substance, that he saw Guell on the day he came there to make repairs; that he directed him to the press, and explained to him the repairs that were to be made; that nobody came with him from the defendant; and that Guell did what he directed him to do.

At the close of the evidence, the defendant renewed its request that the judge should order a verdict for the defendant. The judge then asked the defendant's counsel, "Is it your theory that Guell was at work for the Press Company?" and he replied in the affirmative. The judge thereupon ruled that there was no evidence which would warrant a verdict for the plaintiff; and ordered the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*A. M. Lyman,* for the plaintiff.

*G. E. Smith,* (*W. F. Garcelon* with him,) for the defendant.

KNOWLTON, J. The only ground on which the plaintiff seeks to hold the defendant liable is that Guell was engaged as a servant of the defendant in the work in which he is alleged to have been negligent. The burden of proof was on the plaintiff to show this. There was no evidence to sustain this burden. Upon the undisputed testimony, Guell was repairing machinery of the Collins Press Corporation, and the defendant had no other connection with the business than to send him to do, in the service of this corporation, under the direction of its agents, whatever they wanted him to do in repairing machinery. There was no evidence that tended to contradict the testimony that, while he was engaged in this service, he was under the control of these agents, who could at any moment tell him to stop or go forward with the work, and could insist that it should be done in one way or another, as they should think best. The fact that they relied largely upon his skill and experience did not affect their absolute right to control him in everything he did upon their

machinery. He was therefore, for the time, the servant of the Collins Press Corporation, and not of the° defendant.

The law in cases of this kind has often been considered by this court, and is well settled. In *Ward* v. *New England Fibre Co.* 154 Mass. 419, is this language: "The defendant corporation contends that, although he was in the general service of Manchester and Ward and received his pay from them, he consented that they should set him to do the defendant's work, to be paid for by the defendant according to the time spent upon it, and to be done according to specifications prepared by the defendant's superintendent, and to be managed and directed by the defendant during its progress. If this were so, he would be the defendant's servant in the particular business, notwithstanding that in a general sense he was a servant of Manchester and Ward." In *Coughlan* v. *Cambridge*, 166 Mass. 268, 277, the court says: "It is well settled that one who is the general servant of another may be lent or hired by his master to another for some special service, so as to become as to that service the servant of such third party. The test is whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired." *Hasty* v. *Sears*, 157 Mass. 123, is a case very similar to the one at bar. See also *Kimball* v. *Cushman*, 103 Mass. 194; *Johnson* v. *Boston*, 118 Mass. 114; *Morgan* v. *Smith*, 159 Mass. 570.

*Exceptions overruled.*