## Consolidated Fire-works Co. v. Frederick Koehl.

1. CONTRIBUTION—*Among Tort Feasors.*—There is no right of contribution among joint tort feasors, and a defendant found guilty in an action of tort can not complain because others are joined with him as defendants, nor because they are found not guilty.

2. MANUFACTURERS—*When Liable as Dealers.*—A manufacturer of goods for sale, who also sells goods bought by him of others, is, as to goods so bought and sold by him, liable only as a dealer and not as a manufacturer.

3. NEGLIGENCE—*Liability Where a Master Loans His Servant to do Work for Another Under the Latter's Control.*—If A loans his employe to B to do work for B, under the latter's direction and control, the employe is for the time being the servant of B, and A is not liable for the servant's negligence while so assisting B; but this rule does not apply if A has contracted to do the work for a consideration to be paid by B, and the servant of A does the work without the control or direction of B.

4. SAME—*Of a Dealer in Fire-works Who Sends His Men to Display the Same.*—Where a company dealing in fire-works sold fire-works for a public display at a Fourth of July celebration, and agreed, as part of the consideration for the price paid, to send men at their own expense to fire off the fire-works, and did send men to do that work, and paid for their services and expenses, and said men conducted and controlled the discharge of the fire-works without interference or directions from any one, said men were the servants of the fire-works company, and the latter is liable for their negligence in discharging the fire-works.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, pre-

siding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 11, 1900.

WEART & WEART, attorneys for appellant; R. S. THOMPSON, of counsel.

H. M. KELLY and LINCOLN & STEAD, attorneys for appellee.

Mr. JUSTICE DIBELL delivered the opinion of the court.

Frederick Koehl, a boy between fourteen and fifteen years old, was injured by an explosion of fire-works at a Fourth of July celebration at La Salle in 1895, and brought this suit against the city of La Salle and a committee of fifteen persons who had charge of the celebration, claiming damages for said injury. At the next term, by amendment, he made the Consolidated Fire-works Company of America a co-defendant. The declaration was amended several times, and the general issue was pleaded. At the close of plaintiff's evidence he dismissed the suit as to the city of La Salle. On motion of the committee the court excluded the evidence as to them, but denied such a motion by the fire-works company. At the close of all the evidence the fire-works company moved to exclude the evidence and to instruct the jury to find said defendant not guilty. This was denied. At the close of the arguments the court instructed the jury to find the committee not guilty, and instructed as to the law of the case as between the plaintiff and the fire-works company. The jury found the committee not guilty, and found the fire-works company guilty, and assessed plaintiff's damages at $4,000. Upon that verdict plaintiff had judgment, and the fire-works company appeals.

The committee purchased the fire-works from appellant, and the latter sent two of its employes, Barber and Rowden, to fire them off. Among them was a Japanese shell. This was a round ball containing an exploding composition. Beneath the shell was a cone containing a lifting

charge of powder. To obtain the desired display the shell was to be placed in a mortar and a fuse attached to the cone was to be lighted. This would explode the powder, and was expected to lift the shell into the air 150 or 200 feet. The lighting of that fuse was also to light a fuse attached to the shell, and so timed as to explode the shell when it was 150 feet above the ground, producing, as one of appellant's men testified, "a wonderful effect." When the fuse of this particular shell was lighted the shell rose but fifteen or twenty feet, and then fell to the ground, exploding as it came down, scattering fire over a considerable area, and setting fire to a quantity of fire-works located ten or fifteen feet from where the shell was set off. These fire-works exploded in various directions. One person was killed. Appellee was sitting in a doorway near by, or on the ground near the door, watching the exhibition. Some one cried, "Look out," and he started to run and was struck, apparently by a rocket, and he received the injuries complained of.

Appellant claims it was prejudiced by the course pursued in joining it with other defendants, and in afterward dismissing as to one defendant and excluding the evidence as to the committee, and that the jury would infer the court considered appellant guilty. If, after the court excluded the evidence as to the committee, any of the testimony was incompetent as to appellant, it should have moved to exclude those particular items of proof. This it did not do. The only inference to be drawn from the rulings complained of was that the court considered that the evidence, as to appellant, ought to be submitted to the jury, but that the evidence did not tend to make a case against the committee. A party who has received an injury, has a right to bring an action of tort against all persons whom he thinks guilty, and may dismiss as to any defendant when he finds his evidence against such defendant insufficient. If the proof against any member of the committee should have been submitted to the jury, the error in excluding it harmed only the plaintiff, and he has not assigned error. There is

no right of contribution among joint tort feasors, and a defendant who is liable can not be heard to complain that another person might also have been convicted. The original declaration tends to show appellee did not at first consider appellant liable, but that did not bar his right to proceed against appellant when he discovered facts tending to show such liability.

Some counts of the declaration sought to hold appellant liable because of the alleged defective condition of the shell. It evidently was defective in some respect. Apparently there was not enough powder in the cone to lift the shell. Appellant was a manufacturer of fire-works, but not of this shell, which was imported from Japan, and was considered superior to American shells. Appellant's liability for this shell was therefore not that of a manufacturer, but of a mere dealer. (Archdale v. Moore, 19 Ill. 565; Kohl v. Lindley, 39 Ill. 195.) There were no visible defects in the shell. It had been on hand two years, but appellant had sold like shells after they had been on hand eight years, and they had exploded properly. Appellant had used thousands of these shells, and none had ever proved defective before. This one was examined before it was sent out, and the powder rattled, but the proofs show this did not indicate a defect, but only that the powder was dry and in proper condition to perform its office. We find no proof to warrant the conclusion that appellant was negligent in sending out this shell.

The proof tends to show many of the fire-works when set off threw sparks on the ground in the vicinity where the exhibition was given. Appellee's proofs tended to show Barber and Rowden opened boxes of dangerous explosives and left them open near where the fire-works were being set off, and exposed to the danger of being ignited by falling sparks; and also laid other fireworks upon the lids of boxes, and exposed to falling sparks; and that the fire-works were thus ignited when the shell fell; and this was charged as negligence of appellant in some counts of the declaration. Appellant's evidence tended to show the boxes were

not open, and that said fire-works were not so exploded, but that the shell fell upon a closed box of fire-works and broke the cover, and thus ignited and exploded its contents. Upon this subject the preponderance of the evidence was clearly with appellee. The jury was warranted in finding that the fire-works were thus left open and exposed, and that this was negligence, and that if they had not been so left they would not have been fired and exploded by the falling shell, and this injury would not have occurred.

The most difficult question is whether appellant is liable for the negligence of Barber and Rowden. They were in the employ of appellant, and it sent them to La Salle and paid for their services and expenses. We recognize the rule that if A loans his servant to B to do work for B under the latter's direction and control, he is for the time-being the servant of B, and A is not liable for the servant's negligence while so assisting B. (Coughlan v. Cambridge, 166 Mass. 268; Samuelian v. Am. Tool & Machine Co., 168 Mass. 12.) Appellant claims that principle fits the facts of this case, while appellee claims appellant undertook to discharge the fire-works as a part of that which by its contract it was to do for the money the committee agreed to pay it. Guthman, chairman of the committee, made the bargain with appellant. There was correspondence between the parties, and also a personal interview in Chicago. Guthman testified that his object in going to Chicago was to make arrangements to buy the fire-works and to secure men to fire them off; that at that interview he met Voorhees, manager, who turned him over to Beach, assistant manager of appellant; that after a list of fire-works had been selected, Beach "made the prices on the fire-works, and agreed to send these men down to take charge of the display and fire it off." Guthman also testified that the contract between himself and Beach was that the sum charged for the fire-works included the services of men to take charge of and fire off the show. Beach testified that after the list had been made up and prices stated, Guthman said, "The prices we have from other parties are a little lower

than yours; in addition they will send a man to fire the goods, and they will not charge for his expenses or his services. If you will donate the man's services and pay his expenses, I can come pretty near promising you the display. I can not give it to you now. I would have to go back to La Salle and consult with the committee." Beach testified he then asked Voorhees if, in view of the order being $200 or more, they could afford to pay the man's expenses to go there and fire the goods for the committee, instead of charging the committee for these services, as they were in the habit of doing; that Voorhees told him to go ahead and do it, and he then told Guthman that appellant would send a man to fire the goods and pay his expenses, and Guthman then returned home, and sent the order for the goods. Voorhees testified he heard this conversation; that after a list had been arranged and prices named, Guthman said their prices were a little higher than a competitor, who had also offered to send a man to fire the display free of charge, and if appellant would do the same he would go home and see his committee and see that appellant got the order; that Beach consulted him, and he told Beach they could afford to do it. This interview was followed by correspondence. On June 25th Guthman wrote appellant, among other things, " Don't fail to send a man to attend to the fire-works, as per agreement." On June 30th Guthman wrote, inquiring why the committee were charged with certain mortars, when the catalogue said they were loaned, and concluded, " Please answer at once when your man will be here to take charge of the fire-works, as agreed." On July 2d, appellant wrote Guthman in reply about the mortars, "Will give you credit for them when they are returned. The man that comes down to fire the show will see to returning them. We will send two men to-morrow night, and will report to you early Thursday morning." Rowden testified, for appellant, that he was sent by appellant to assist Barber in shooting a display at La Salle July 4, 1895. He called Barber his foreman. Both Barber and Rowden testified that Rowden fired this Japanese shell

pursuant to an order from Barber. There is a sharp conflict between the evidence offered by appellee and the testimony of Barber as to who controlled the discharge of the fire-works. According to appellee's proofs Guthman pointed out to Barber the locality where the city permitted the display to be made, and supplied him with such lumber and nails as he said he needed, and the committee had no further connection with the firing of the display, but the entire exhibition was conducted by Barber and Rowden, and one or two boys whom Barber hired, without interference or assistance from the committee. According to Barber's testimony, he was guided and controlled in many particulars by orders from Guthman. If the jury believed the proof offered by appellee, they were warranted in finding that appellant contracted to fire off the fire-works as a part of what it was to do for the money the committee agreed to pay it; and that it sent Barber and Rowden as its servants to perform that part of its contract, and that these men exercised their own judgment and discretion as to the manner in which they did their work. Such a state of facts would make appellant liable for their negligence. We can not say the jury ought to have believed Barber in preference to the proof for appellee, nor that another jury would do so. We conclude that under the evidence upon this subject we are not warranted in disturbing the verdict.

Appellant does not argue any question concerning the admission or rejection of evidence, except the exclusion of the evidence as to the committee and the refusal to exclude the evidence as to appellant; nor does it argue any question concerning the giving or refusal of instructions, except the giving of the instruction to find the committee not guilty, and the refusal to give an instruction to find appellant not guilty. Appellee asked no instructions. The court gave one of its own motion, to which no objection is shown in argument. The court gave all instructions requested by appellant. While it is assigned for error that the damages are excessive, that assignment is not argued, and is therefore waived. The judgment is therefore affirmed.