## Consolidated Fireworks Co. of America v. Frederick Koehl.

1. MASTER AND SERVANT—*Dangerous Explosives.*—Where a fireworks company sells a bill of goods on condition that it will send men to superintend the firing of such fireworks, the men so sent are servants of the company and it is responsible for their negligence in firing the explosives.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of LaSalle County; the Hon. HARVEY M. TRIMBLE, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

WEART & WEART, attorneys for appellant; R. S. THOMPSON, of counsel.

Henry M. Kelly and Lincoln & Stead, attorneys for appellee.

Mr. Justice Dibell delivered the opinion of the court.

This cause was before this court and the Supreme Court in 92 Ill. App. 8 and 190 Ill. 145. Those opinions contain a history of the case, which need not be repeated here. Since those decisions there has been another trial, and plaintiff has recovered another verdict against the fireworks company for $4,000 and has had judgment thereon, from which said defendant prosecutes this appeal. There was some further proof on each side at the last trial, but nothing to make the facts appear materially different from what they did when the case was here before.

One count of the declaration, after describing the situation and that there were large quantities of fireworks present which contained powerful explosives and highly inflammable material, stated that it was the duty of defendants to exercise ordinary care in handling and discharging said fireworks and to protect and keep covered the fireworks not in actual use and which were not at the time being discharged, in order to prevent the premature explosion thereof by reason of sparks falling thereon; that defendants did not exercise ordinary care in that regard, but carelessly, negligently and recklessly handled and discharged said fireworks, and failed to protect and cover the said fireworks not in actual use, and not at that time being discharged; and by reason thereof, a large portion of said fireworks which were located at the place aforesaid were set on fire and prematurely exploded, and by means thereof the plaintiff, while standing on a public street and in the exercise of ordinary care, was struck and injured. Another count charged that defendant negligently used, stored and discharged said fireworks, and negligently failed and neglected to protect and guard a large portion of said fireworks, but left them uncovered and unprotected, whereby said fireworks were ignited and caused to be prematurely exploded by contact with sparks and pieces of discharged fireworks which were thrown in the air by reason of the

discharge of said fireworks by said defendants, and that plaintiff, while in the exercise of ordinary care for his own safety, was struck by one of the pieces of said fireworks then thrown out by reason of such premature explosion of fireworks, breaking his left leg and inflicting upon him permanent injuries, etc. Other counts charged negligence in allowing a large portion of said fireworks to be and remain uncovered and wholly unprotected near where the fireworks were being discharged, by means whereof a large portion of said fireworks, by contact with sparks from fireworks being discharged, became ignited and prematurely exploded, and injured plaintiff while he was using due care. The proof warranted the jury in finding that Barber and Rowden, who fired the display, opened boxes of dangerous explosives, and left them open near where the fireworks were being set off, and exposed to the danger of being ignited by falling sparks from other fireworks which were being set off, and that they laid other fireworks upon the lids of boxes, and exposed to falling sparks; that it was negligence to thus leave these articles exposed; that these fireworks were prematurely ignited and discharged when the Japanese shell fell, and that this negligence caused plaintiff's injury. An effort was made to show that Barber and Rowden asked a member of the committee for something with which to cover the fireworks, and that it was not furnished. This, however, does not excuse their act in uncovering them and leaving them exposed, and proceeding to fire the display while dangerous explosives were exposed to falling sparks.

Barber and Rowden were in the employ and pay of the fireworks company, and were sent by them to fire this display. If they were merely servants of the fireworks company loaned to the committee to do certain work for the committee, there would be great force in the positions taken and authorities cited by the fireworks company. We are of opinion, however, that the proof warranted the jury in finding that for the price the committee agreed to pay, the fireworks company not only sold the listed articles, but

also contracted to send a man or men to take charge of the fireworks and fire off the display; that the company agreed to take charge of the fireworks and conduct the discharge thereof; and that Barber and Rowden, whom the company sent down, were the fireworks company's servants to perform that part of the contract, and their negligence was the negligence of the company.   True, the committee furnished the location for the display, sent up such lumber and material as these men wanted, directed the fireworks should not be discharged while a certain electrical display passed along the street, and perhaps gave some other like orders.   But in the only material matter of how to safely handle, protect and discharge these fireworks, the committee took no part, but Barber and Bowden exercised their own judgment.   Guthmann testified concerning his interview with an officer of the fireworks company, in telling him they wanted to make such an arrangement :

" I told him we had corresponded with other fireworks companies and got their prices, and they all had said that they would send down men to take charge of the fireworks, and that that was the reason I was there, as there were none of us knew anything about fireworks, and we wanted the people to take charge of the show.   He agreed with me on that, and that was the end of our business.   He sold me the fireworks, and men to take care of the show."

The committee were not engaged in an enterprise for personal profit.   They were buying dangerous explosives which they did not know how to handle safely.   It was because the fireworks company agreed to send some one, both to take charge of the fireworks, and also to fire them off, that the contract was given to that company.   We are of opinion the company became bound to send a competent man, and became responsible that he should exercise care commensurate with the danger of the work.

It is argued the damages are excessive.   When we consider the pain plaintiff suffered, that his leg is shortened, and he is thereby permanently unfitted for many of the activities of life, in connection with the time he was wholly laid aside from work, and the expense of his care and med-

156    APPELLATE COURTS OF ILLINOIS.

VOL. 103.] McNabb v. President, etc., of the Village of Tonica.

ical attention, we do not feel warranted in disturbing the verdict on that ground. We find no material harm was inflicted upon the fireworks company by the modification of two of its instructions. The jury were fully instructed in its behalf. No instructions were requested by plaintiff. We find no reversible error in the matters covered by the assignments of error which have been argued here. The judgment is therefore affirmed.