FRANK S. MCALLISTER'S CASE.

Suffolk. November 21, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act. Agency,* Existence of relation.

A journeyman paper hanger was hired by the foreman of the wall paper department of a corporation conducting a department store, who gave the journeyman his orders and instructions and whenever wall papering was required directed him to go to the purchaser's residence and hang the paper and also approved his bills. The name of the journeyman did not appear on the corporation's pay list of employees, because he was paid by the roll at a varying rate with the amount of his expenditures for car fares and paste and received a check weekly for the amount due him. Upon a claim by him under the workmen's compensation act for compensation for an injury sustained in the course of his work by a fall from a step-ladder, he testified that while at work "he was his own boss," but the other evidence showed that in case of unperformed or imperfect work by him the corporation would be liable to the purchaser and that the power to direct what should be done in satisfaction of the purchaser's contract was in the corporation, whose orders given through the foreman the journeyman uniformly obeyed and executed. *Held,* that a finding was war-

ranted that the journeyman at the time of his injury was in the employ of the corporation and was not an independent contractor within the meaning of St. 1911, c. 751, Part III, § 17.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding to Frank S. McAllister of Boston, who was alleged to be an employee of the Jordan Marsh Company, a corporation, compensation for an injury sustained by him on September 20, 1916, arising out of and in the course of his employment.

The case was heard by *Brown*, J. The evidence reported by the arbitration committee and the testimony of the alleged employee before the Industrial Accident Board are described in the opinion.

The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*E. C. Stone*, for the insurer.

*F. W. Mansfield & E. R. Mansfield*, for the employee.

BRALEY, J. The injury complained of was caused by a fall from a step-ladder while the claimant was at work in the store of Jordan Marsh Company, a subscriber, hanging paper by direction of the foreman. The insurer contends that the claimant was an independent contractor within the meaning of St. 1911, c. 751, Part III, § 17, which confers on the employees of a contractor who has engaged "to do such subscriber's work," the same right to compensation as if they had been immediately employed by the subscriber, but makes no provision for the contractor where he performs the work himself. The question for decision therefore is whether at the time of the accident the claimant was an employee of the company. The contract of employment not having been reduced to writing, its terms are to be ascertained from the evidence reported by the arbitration committee, and the "cross-examination of the alleged employee in regard to work and relation to the alleged employer," which was introduced at the hearing on review. *Carnig* v. *Carr*, 167 Mass. 544. It appears that the claimant, a journeyman paper hanger, was hired by the foreman of the company's wall paper department, and whenever such work was required by a purchaser the foreman who "gave the claimant all his orders and instructions" and approved his bills, directed him to go to the

purchaser's residence and hang the paper. But his name did not appear on the company's pay-roll of employees, as he was paid by the roll at a varying price, with all expenditures for car fares and paste, and received weekly by mail a check for the amount. The terms and mode of payment however are not the decisive test. *Morgan* v. *Smith,* 159 Mass. 570, 574. It is whether the employer retained authority to direct and control the work, or had given it to the claimant. *Forsyth* v. *Hooper,* 11 Allen, 419, 421, 422.

And, although the claimant testified that while at work "he was his own boss," his services manifestly formed part of the company's regular business conducted by itself, and the placing of the paper by his skill and labor enured to its benefit. The time and place of labor were not constant but were determined by the employer as required by the demands of customers. If while the work was in process dissatisfaction arose, or damage was being done, the customer would be obliged to resort not to him but to the company for further directions or redress. It cannot be said on the record as matter of law, that the Industrial Accident Board was not warranted in finding that the parties never intended the claimant should have the absolute right to hang the paper when and as he pleased regardless of any supervision by the company, which alone would be responsible in damages for unperformed or imperfect work; and that whenever and wherever necessary the power to direct what should be done in satisfaction of the purchaser's contract, the parties contemplated and understood, was lodged with, or retained by the company, whose orders given through the foreman the claimant uniformly obeyed and executed. *Coughlan* v. *Cambridge,* 166 Mass. 268, 277. *Samuelian* v. *American Tool & Machine Co.* 168 Mass. 12. *Driscoll* v. *Towle,* 181 Mass. 416, 419. *Wakefield* v. *Boston Coal Co.* 197 Mass. 527. *Bowie* v. *Coffin Valve Co.* 200 Mass. 571, 577, 578. *Clancy's Case,* 228 Mass. 316.

The decree awarding compensation should be affirmed. St. 1911, c. 751, Part II, § 1.

*So ordered.*