**MALISFSKI et al. v. INDEMNITY INS. CO. OF NORTH AMERICA.**

No. 5043.

Circuit Court of Appeals, Fourth Circuit.

May 28, 1943.

J. Gilbert Prendergast and Everett L. Buckmaster, both of Baltimore, Md. (Weinberg & Green, Hector J. Ciotti, and F. Murray Benson, all of Baltimore, Md., on the brief), for appellants.

Wendell D. Allen, of Baltimore, Md. (Alexander Gordon, III, and Armstrong, Machen, Allen & Eney, all of Baltimore, Md., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in an action brought to obtain a declaratory judgment as to the coverage of an automobile liability insurance policy. Theodore Malisfski, an employee of the City of Baltimore, was injured by a truck of the Wernig Express Company driven by one Charles Wernig, an employee of that company. The truck had for a number of years been hired by the city on an hourly basis and was being used for the removal of snow from the streets when Malisfski was injured. Malisfski was paid compensation by the city under the state compensation law and thereafter instituted suit against the driver of the truck, for his own use and that of the city, and recovered judgment against the driver in the sum of $4,000. The Indemnity Insurance Company had issued a liability insurance policy on the truck, naming the express company and the city as insured thereunder. The premiums on this policy were paid by the express company, but the city held the policy. The policy contained an omnibus coverage clause in the usual form. The question in the case was whether it covered the liability of the driver for the judgment obtained against him. The judge below held that it did not, basing his decision on paragraph (c) of the omnibus coverage clause and paragraph (f) of the exclusion provisions. In the view that we take of the case we need consider only the omnibus coverage clause, which provides:

" III. Definition of 'Insured.' The unqualified word 'insured' wherever used in Coverages A and B in other parts of this policy, when applicable to such coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein, and provided further the actual use is with the permission of the named insured. The provisions of this paragraph do not apply:

\*    \*    \*    \*    \*

"(c) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured."

The facts with regard to the operation of the truck were correctly found by the trial judge as follows: "A local express company, known as the Joseph S. Wernig Express Company, hired out the truck at $1.50 per hour. It supplied and paid the driver, Charles Wernig, but gave him no orders after he reported to the Highways Department for work. The Express Company also paid for the gasoline, maintenance and any repairs of the truck. On this particular day the truck was being used for the removal of snow from the streets of Baltimore. While so hired, the job of snow removal was being conducted under the exclusive direction of a Highways Department foreman, who rode in the cab of the truck, with the driver, and directed him where to go. This foreman had working under him a gang of six Highways Department employees, including the injured Malisfski, who shoveled the snow into the truck, as it kept abreast of their work. When the accident occurred, the truck was proceeding to one of the yards or depots of the Highways Department, just before the noon, or dinner, hour. The foreman had complete control over the number of hours the driver worked, and the places where he would take the truck. This arrangement by Baltimore City for hiring trucks from the Express Company to supplement its own supply of them had been followed for seven or eight years."

The crucial question with respect to the application of the omnibus coverage clause is whether the truck driver, in carrying on the work which resulted in Malisfski's injury, is to be considered an employee of the express company or of the city. If he was an employee of the express company and not of the city, liability for the injury rested upon the express company and the omnibus coverage clause would apply, since the injured man was not an employee of the same insured. If, however, he was an employee of the city, liability for the injury rested upon the city and the clause would not apply since the injured man also was an employee of the city, the same insured, and the case would fall within the provisions of exception (c) above quoted. Directly in point is the case of Johnson v. Ætna Casualty & Surety Co., 5 Cir., 104 F.2d 22, 24, dealing with a like exception to the omnibus coverage clause. In that case one Frank Green was the named insured, and an employee of his was injured by a

car operated by Elvin Green, another employee. The omnibus coverage clause, paragraph IV in the policy in that case, had an exception (d) which is precisely the same as exception (c) here. The court said: "But for Paragraph IV as quoted Frank Green would have been the only insured. Because of the first sentence, Elvin Green becomes also an insured. But this effect of Par. IV does not obtain if (d) is true, that is, if Elvin Green is an employee of an insured (Frank Green is an insured) and the action is brought against him for injury or death of another employee of the same insured (Frank Green) occurring in the course of the employment by the use of the insured automobile. We find no uncertainty or ambiguity in the language. It excludes the threatened suits against Elvin Green from the coverage of the policy."

■ Appellants argue that the word "insured" as used in exception (c) must be construed to mean the insured against whom liability is asserted; and that, as the truck driver is the one against whom liability is asserted here, the exception applies only with respect to his employees. The argument begs the question. The truck driver is not an insured unless the omnibus coverage clause makes him such, and the clause does not have that effect if both he and the man whom he injures are employees of the same insured. Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309, is not in point, for the clause there relied on was not an exception limiting the application of the omnibus coverage clause.

■■ Coming, then, to the question as to whose employee was the truck driver in the operation which resulted in Malisfski's injury, we find that liability for the acts of the driver of a car or truck, who is employed by the owner but is serving a hirer at the time, has been the subject of many and sometimes conflicting decisions. See annotation 42 A.L.R. 1416 et seq. and cases there cited. The rule to be deduced from these is the rule ordinarily applied in determining whether a servant is to be deemed the servant of him for whom work is done or of an independent contractor, i. e. he is the servant of him who has the right to control not merely results but the progress and details of the work and the manner in which it is done. If the driver is not subject to the control of the hirer of the vehicle in the performance of the work, he is deemed the servant of the owner, even though the hirer may have the power of directing him when and where to go and what to bring or carry. Craige v. Austin Powder Co., 4 Cir., 91 F.2d 664; Driscoll v. Towle, 181 Mass. 416, 63 N.E. 922; Quarman v. Burnett, 6 Mees. & W. 499. If, however, the hirer has the exclusive power of directing the work, he is deemed the servant of the hirer. H. E. Wolfe Const. Co. v. Fersner, 4 Cir., 58 F. 2d 27. The underlying principle is well stated in the case of Standard Oil Co. v. Anderson, 212 U.S. 215, 221, 222, 29 S.Ct. 252, 254, 53 L.Ed. 480, as follows:

"It sometimes happens that one wishes a certain work to be done for his benefit, and neither has persons in his employ who can do it nor is willing to take such persons into his general service. He may then enter into an agreement with another. If that other furnishes him with men to do the work, and places them under his exclusive control in the performance of it, those men became pro hac vice the servants of him to whom they are furnished. But, on the other hand, one may prefer to enter into an agreement with another that that other, for a consideration, shall himself perform the work through servants of his own selection, retaining the direction and control of them. In the first case, he to whom the workmen are furnished is responsible for their negligence in the conduct of the work, because the work is his work, and they are, for the time, his workmen. In the second case, he who agrees to furnish the completed work through servants over whom he retains control is responsible for their negligence in the conduct of it, because, though it is done for the ultimate benefit of the other, it is still, in its doing, his own work. To determine whether a given case falls within the one class or the other we must inquire whose is the work being performed:—a question which is usually answered by ascertaining who has the power to control and direct the servants in the performance of their work. Here we must carefully distinguish between authoritative direction and control, and mere suggestion as to details or the necessary cooperation, where the work furnished is part of a larger undertaking.

"These principles are sustained by the great weight of authority, to which some reference will now be made. The simplest case, and that which was earliest decided, was where horses and a driver were furnished by a liveryman. In such cases the hirer, though he suggests the course of

the journey, and, in a certain sense, directs it, still does not become the master of the driver, and responsible for his negligence, unless he specifically directs or brings about the negligent act. Quarman v. Burnett, 6 M. & W. 499; Jones v. Mayor, etc., 14 Q.B.D. 890; Little v. Hackett, 116 U.S. 366, 6 S.Ct. 391, 29 L.Ed. 652. Though even in such cases, if the exclusive control over the driver be in the hirer, he may be responsible as master. Jones v. Scullard, [1898] 2 Q.B. 565."

The principle stated applies, not only in the case where a general employer furnishes a servant to perform a particular service, but also where he furnishes the appliances with which the servant works, if these are subject to the control of the special employer. This court, speaking through Judge Soper, thus stated the rule with citation of the controlling authorities in Norfolk & W. R. Co. v. Hall, 4 Cir., 57 F.2d 1004, 1008: "A servant furnished by his general employer to perform a particular service for another under the latter's control is to be dealt with as the servant of the latter and not of the former. The special employer bears, not only the liability to third persons for injuries caused by the servant's negligence, but also the liability to the servant for injuries suffered by him from the neglect to perform the duties owed him by his master. Samuelian v. American Tool & Mach. Co., 168 Mass. 12, 46 N.E. 98; Wyman v. Berry, 106 Me. 43, 75 A. 123, 20 Ann.Cas. 439; Thomas v. Great Western Mining Co., 150 Okl. 212, 1 P.2d 165; Channon v. Sanford Co., 70 Conn. 573, 40 A. 462, 41 L.R.A. 200, 66 Am. St.Rep. 133; Wolfe v. Mosler Safe Co., 139 App.Div. 848, 124 N.Y.S. 541. This rule applies when the general employer furnishes, not only the servant, but the appliances with which he works, if both are subject to the control of the special employer. Hardy v. Shedden Co. [6 Cir.] 78 F. 610, 37 L.R.A. 33; Woodward Iron Co. v. Limbaugh [5 Cir.] 276 F. 1; Linstead v. Chesapeake & Ohio R. Co., 276 U.S. 28, 48 S.Ct. 241, 72 L.Ed. 453; Sacker v. Waddell, 98 Md. 43, 56 A. 399, 103 Am.St.Rep. 374; Coughlan v. Cambridge, 166 Mass. 268, 44 N.E. 218; Scribner's Case, 231 Mass. [132], 133, 120 N.E. 350, 3 A.L.R. 1178; Brown v. Smith, 86 Ga. 274, 12 S.E. 411, 22 Am.St.Rep. 456; Miller v. North Hudson Con. Co., 166 App.Div. 348, 152 N.Y.S. 22; Green v. McMullen, Snare & Triest, 177 App.Div. 771, 164 N.Y.S. 948."

A case directly in point is H. E. Wolfe Const. Co. v. Fersner, supra, 4 Cir., 58 F.2d 27, 28. In that case, as in this, there was a hiring of trucks and drivers by a hirer who used the hired trucks with trucks of his own in the same manner and subject to the same control. In that case the trucks were employed in hauling paving material from a warehouse to a highway on which paving construction was in progress, and the drivers of the trucks were under the supervision and direction of the superintendents of the construction company. One of the hired trucks was in a collision, and in sustaining a recovery on account thereof against the hirer, we said: "In the pending case, the arrangement between the parties involved, not merely supervision by the construction company at each end of the haul of the loading and unloading of the trucks, but also general direction over the hauling; and when it is borne in mind that the trucks of the company and those of Gresham were used in precisely the same manner, and that both sets of trucks were subject to the same direction and control, it is obvious that the company acquired an authority over the actions of Gresham's drivers incompatible with the position of independent subcontractor on his part."

See also Yelloway, Inc., v. Hawkins, 8 Cir., 38 F.2d 731; Philadelphia & R. Coal & Iron Co. v. Barrie, 8 Cir., 179 F. 50; and Byrne v. Kansas City Ft. S. & M. R. Co., 6 Cir., 61 F. 605, 24 L.R.A. 693.

█ We find nothing to the contrary in any of the Maryland decisions. Appellants rely upon Hilton Quarries v. Hall, 161 Md. 518, 158 A. 19, 22. One of the questions there involved was whether the driver of a hired truck injured while the truck was being loaded at a quarry was not to be deemed a fellow servant of the employee of the quarry by whose negligence he was injured. It was clear, however, on the facts there that the driver was not the servant of the quarryman but of the truck owner, who was an independent contractor. The court said: "The quarryman appears from the evidence to have had control only of the time and manner of getting the stone loaded. The truck owner, Schmeltz, was master for the carriage of the loads under his contract, and the general master of the truck driver, and, while the truck driver co-operated with the quarrymen in the loading of the trucks as they wished, he was simply receiving the loads to carry out

Schmeltz's contract of carriage. We see no sufficient ground for holding that his service was transferred." In the case at bar, the service of the truck driver was unquestionably transferred to the city and he was subject to the control of the city's foreman from the time that he reported with his truck for duty. As said in Sacker v. Waddell, 98 Md. 43, 56 A. 399, 400, 103 Am.St.Rep. 374: "The master may so hire or loan his servant to another for some special service as that he will, as to that particular service, become the servant of such third person. If the master has parted with all power of control over the servant, and permits the third person to make such use of him as he may deem proper, he may, quoad that service, be the servant of the third person, and not of the general master."

We think that any presumption that the truck driver remained the servant of the express company, the owner of the truck, has been met by the proof of the special circumstances of the case and that he should be held the servant of the city. At all events, the judge below has so found; and there is nothing in the record which would warrant us in disturbing his finding. It follows that the liability of the truck driver is not embraced within the omnibus coverage clause.

Appellant contends, however, that the effect of the Maryland "Financial Responsibility" Law, art. 56, sec. 182, Flack's Annotated Code of Maryland, is to nullify the exclusion of exception (c) of the omnibus coverage clause and to extend the coverage of the policy to the driver of the truck, notwithstanding its provisions. We see nothing in this position. The requirement of sec. (b) (2) of that statute, upon which appellant relies, is a policy which will insure "the owner against any judgment which may be recovered against him. The term owner is defined in section (a) of the act as including "any person, firm, association or corporation owning, controlling or having the use for hire of a motor vehicle by any device". There is manifestly nothing in this which requires the omnibus coverage clause in a policy, or which forbids such a limitation of that clause as is contained in paragraph (c) quoted above. Appellant points to the word "controlling" in the statute; but it is clear from the context that this is not used in the sense of "operating" but of having such rights of control as are ordinarily incident to ownership. If the legislature had intended that

the operator of the automobile be covered by the policy in like manner as the owner, it could easily have accomplished this result by the use of appropriate language to that end.

There was no error, and the judgment will be affirmed.

Affirmed.