**LINDA D.P., Wife,
Respondent-Below, Appellant,**

v.

**ROBERT J.P., Husband,
Petitioner-Below,
Appellee.**

Supreme Court of Delaware.

Submitted: April 19, 1985.

Decided: May 20, 1985.

Joseph W. Benson and John S. Malik, Wilmington, for respondent-below, appellant.

Francine S. Gritz of Biggs & Battaglia, Wilmington, for petitioner-below, appellee.

Before McNEILLY, MOORE and CHRISTIE, JJ.

McNEILLY, Justice.

This case involves the issue of whether an appeal to this Court may be taken while a Motion for Reargument is pending in the Trial Court. We conclude that an appeal may not be taken until a timely filed Motion to Reargue is disposed of by the Trial Court.

On March 18, 1985, the Family Court issued its decision on ancillary matters to the divorce of the parties to this action. On March 28, 1985, appellee filed a Motion for Reargument with the Family Court. On April 3, 1985, appellant filed a Notice of Appeal with this Court from the March 18, 1985 Decision of the Family Court.

Against this factual background, appellee has filed a Motion to Dismiss the appeal contending that the decision of the Family Court is not ripe for appeal until the Motion for Reargument filed with the Family Court is disposed of.

Appellant contends that her Notice of Appeal was properly filed pursuant to Supreme Court Rule 6 which states:

A notice of appeal shall be filed in the office of the clerk of this Court as follows: (1) Within 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken in a civil case...[1]

---

1. The right to appeal to the Supreme Court from a Family Court order or judgment is governed by the rules of the Supreme Court according to 13 *Del.C.* § 1522 which provides:

§ 1522. Procedural rights.

(a) All parties to any of the proceedings brought pursuant to this chapter shall possess all the procedural rights which those parties would have heretofore possessed in any of the proceedings brought pursuant to this chapter in the Superior Court of this State including but not limited to the following:

(1) Right to institute and return complete control of the suit;

(2) Right to select counsel;

(3) Right to appeal to the Supreme Court of this State on the record from interlocutory or final orders for judgment; such appeal shall be in the form and manner provided by the rules of the Supreme Court.

The *faux pas* of appellant's contention is that except as provided in Supreme Court Rule 42[2], a judgment or order must be final before an appeal to this Court may be taken. *McClelland v. General Motors Corporation,* Del.Supr., 214 A.2d 847 (1965). A judgment is not final for the purpose of an appeal until a timely filed Motion for Reargument has been decided. *Trowell v. Diamond Supply Co.,* Del. Supr., 91 A.2d 797, 799 (1952), *Hessler v. Farrell,* Del.Supr., 260 A.2d 701, 702 (1969). *Compare* 6A Moore's Federal Practice § 59:09[4] (2nd edition, 1982) (motion for new trial pursuant to Federal Rule of Civil Procedure 59 suspends the finality of the judgment and tolls the running of the time for taking an appeal).

Therefore, while a Motion for Reargument is pending before the Family Court, the finality of the judgment is suspended. Until the Motion for Reargument is disposed of by the Family Court, an appeal to this Court is premature unless the requirements for the taking of interlocutory appeals pursuant to Supreme Court Rule 42 are complied with. Appellant has made no such attempt to comply with the requirements of Rule 42.

\*　　\*　　\*

The Motion to Dismiss this appeal is GRANTED.

*Husband v. Wife,* Del.Supr., 367 A.2d 636, 637 (1976) (interlocutory, as well as final appeals from the Family Court are subject to the procedural mandates of the Supreme Court).

2. Supreme Court Rule 42 provides the criteria for this Court's jurisdiction to hear and determine interlocutory appeals.