879 A.2d 920 (2005)
Matthew BOWEN and Melissa Ellis, as parents and natural Guardians of Emily Bowen, and Matthew Bowen and Melissa Ellis, Individually, and Martin Griffin and Trudi Griffin, as parents and natural guardians of Darren Griffin and Trudi Griffin, Individually, Plaintiffs Below, Appellants,
v.
E.I. DUPONT DE NEMOURS AND COMPANY, INC., Defendant Below, Appellee.
No. 286, 2005.
Supreme Court of Delaware.
Submitted: July 12, 2005.
Decided: July 18, 2005.
Thomas C. Crumplar, Esquire and Robert Jacobs, Esquire, Jacobs & Crumplar, Wilmington, Delaware, for appellants.
James W. Semple, Esquire, Morris, James, Hitchens & Williams, Wilmington, Delaware, for appellee.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.
*921 HOLLAND, Justice.
On June 28, 2005, the plaintiffs-appellants, Matthew Bowen and Melissa Ellis, as parents and natural guardians of Emily Bowen, and Matthew Bowen and Melissa Ellis, individually, and Martin Griffin and Trudi Griffin, as parents and natural guardians of Darren Griffin and Trudi Griffin, individually, filed a notice of appeal with this Court. The appellants purport to appeal from an order of the Superior Court dated May 9, 2005 that granted summary judgment in favor of defendant-appellee, E.I. duPont de Nemours and Company, Inc.[1] On May 16, 2005, however, the appellants filed a timely Rule 59(e)[2] motion for reargument in the Superior Court. The appellants' Rule 59(e) motion for reargument has not been withdrawn, has not been decided, and remains pending before the Superior Court.
The appellee has filed a motion to dismiss the appellants' appeal as both premature and an improper interlocutory appeal. In response to that motion to dismiss, the appellants have filed a motion for a limited remand so that the Superior Court can decide the appellants' motion for reargument. We have concluded that the motion to dismiss must be granted.

Premature Appeal
A Rule 59 motion for reargument is the proper procedure for seeking to have the Superior Court reconsider its decision to grant summary judgment.[3] The purpose of all Rule 59 motions is to provide the trial court with an opportunity to reconsider a matter and to correct any alleged legal or factual errors prior to an appeal.[4] In a civil action, the timely filing of a motion for reargument suspends the finality of the judgment and tolls the time *922 for taking an appeal from what would otherwise have been a final judgment.[5]
A judgment must be final before a party can appeal to this Court as a matter of right and thereby invoke the mandatory jurisdiction of this Court.[6] Finality does not attach to any judgment in a civil proceeding while a timely filed Rule 59 motion for reargument is pending in the Superior Court.[7] Accordingly, this Court has ruled that an appeal from a trial court judgment, as a matter of right, is premature if it is filed while a motion for reargument is still pending.[8] Therefore, this Court lacks jurisdiction over this premature attempt to appeal from the Superior Court's order that granted summary judgment in favor of the duPont Company.

Improper Interlocutory Appeal
Except for interlocutory appeals that are accepted in our discretion, this Court has no jurisdiction over Superior Court determinations in civil proceedings that are not final.[9] In this case, because finality has not attached to the Superior Court's grant of summary judgment in favor of the duPont Company, to properly appeal the trial court's rulings, the appellants had to comply with the requirements of Supreme Court Rule 42 for taking an interlocutory appeal.[10] The record reflects that the appellants did not intend to file an interlocutory appeal and have made no effort to comply with Rule 42. Consequently, this Court lacks jurisdiction over this improper interlocutory appeal.

Superior Court Jurisdiction Continues
The proper perfection of an appeal to this Court from a final judgment generally divests the Superior Court from its jurisdiction over the cause of action in the absence of a remand.[11] The appellants have filed a motion to remand this matter to the Superior Court for the limited purpose of deciding its pending motion for reargument. Since the appellants' appeal was premature and did not comply with Rule 42, however, the jurisdiction of this Court was never properly invoked. Conversely, the Superior Court was never divested of jurisdiction to act on the appellants' motion for reargument. Accordingly, that motion for reargument remains pending before the Superior Court.

Federal Practice Different
We note that in similar circumstances, this situation would be handled differently in the federal court system.[12] Under the Federal Rules of Appellate Procedure, *923 when a premature notice of appeal is filed while a timely post-judgment motion is pending in the trial court, the premature notice of appeal is held in abeyance and becomes effective under Federal Appellate Rule 4(a)4(B)(i) when the trial court decides that post-judgment motion.[13] Thereafter, in the federal system, if a party desires to appeal from either the denial of that post-judgment motion or the altered or amended judgment that is entered after the disposition of the post-judgment motion, the appellant must file either a new or amended notice of appeal, otherwise the premature notice of appeal becomes effective only to appeal the initial order, e.g., as in this case, the grant of summary judgment.[14]

Conclusion
Under the circumstances reflected in this record, in the absence of a rule like Federal Appellate Rule 4(a)4(B)(i), the appellee's motion to dismiss must be granted. To the extent that the appellants seek to appeal from a final judgment, it is premature. To the extent that the appellants seek to appeal from an interlocutory decision, they have not complied with Rule 42. In the event the appellants perfect a proper appeal following the entry of a final judgment, the filing fee is waived. This appeal is dismissed.
NOTES
[1] The appellants also seek to appeal from several other interlocutory rulings that preceded the grant of summary judgment on May 9, 2005, e.g., a motion in limine to exclude evidence of regulatory labeling determinations, and an order denying appellants' Motion for Reconsideration on January 31, 2005. Additionally, the appellants appeal from an order limiting the testimony of Dr. Michael Patton, dated April 27, 2005; an order excluding testimony of Dr. David L. Macintosh; and an order limiting the testimony of Dr. Charles V. Howard and Dr. Randall L. Tackett.
[2] Super. Ct. Civ. R. 59(e).
[3] Hessler, Inc. v. Farrell, 260 A.2d 701, 702 (Del.1969).
[4] Id.
[5] Linda D.P. v. Robert J.P., 493 A.2d 968, 969 (Del.1985); see Eller v. State, 531 A.2d 948 (Del.1987) (comparing time for filing civil and criminal appeals).
[6] Tyson Foods, Inc. v. Aetos Corp., 809 A.2d 575, 579 (Del.2002) (holding that "[a]n aggrieved party can appeal to this Court only after a final judgment is entered by the trial court.") (citing Del. Const. art. IV, § 11(1)(a)).
[7] Hessler, Inc. v. Farrell, 260 A.2d at 702.
[8] D.P. v. J.P., 493 A.2d at 969.
[9] Tomasetti v. Wilmington Sav. Fund Soc'y, 672 A.2d 61, 63 (Del.1996) (holding that except for interlocutory appeals, "this Court has no jurisdiction over appeals from Superior Court civil judgments which are not final.") (citing Del. Const. art. IV, § 11(1)(a)).
[10] D.P. v. J.P., 493 A.2d at 969 ("Until the Motion for Reargument is disposed of by the Family Court, an appeal to this Court is premature unless the requirements for the taking of interlocutory appeals pursuant to Supreme Court Rule 42 are complied with.").
[11] See Eller v. State, 531 A.2d 951, 952 (Del.1987); Radulski v. Delaware State Hosp., 541 A.2d 562, 567 (Del.1988).
[12] Tomasetti v. Wilmington Sav. Fund Soc'y, 672 A.2d 61, 63-64 (Del.1996) (comparing rules).
[13] See James Wm. Moore, Moore's Federal Rules Pamphlet § 4.3[2] (2005).
[14] Union Pac. R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120 (3rd Cir.2002).