NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2878
_____

KENNETH E. FINK,
Appellant

v.

PERRY PEHLPS,Warden,
ATTORNEY GENERAL OF
THE STATE OF DELAWARE
_____

On Appeal from the United States District Court
For the District of Delaware
(D.C. No. 06-cv-00181)
District Judge:  Honorable Gregory M. Sleet
_____

Argued on October 3, 2011

BEFORE:  MCKEE, Chief Judge, and FUENTES, COWEN, Circuit Judges

(Opinion Filed: October 18, 2011)

Gwen M. Schoenfeld, Esq. **(ARGUED)**
Law Office of Gwen M. Schoenfeld, L.L.C.
147 Ridgewood Avenue
Glen Ridge, New Jersey 07028

*Counsel for Appellant*

Elizabeth R. McFarlan, Esq. (**ARGUED**)
Deputy Attorney General
Delaware Department of Justice
State Office Building

820 N. French Street
Wilmington, DE 19801

*Counsel for Appellees*

OPINION OF THE COURT
_____

FUENTES, <u>Circuit Judge</u>.

Kenneth Fink was indicted on 15 counts of dealing in child pornography (Del. Code Ann. tit. 11, § 1109(4) (1998)) and 15 counts of possessing child pornography (Del. Code Ann. tit. 11, § 1111 (1998)). Prior to trial, he twice moved to suppress the child pornography. First, he claimed that the search of his computers and electronic storage devices was improperly executed as a general search. He argued that the investigator— who had obtained a warrant to search for evidence of then-attorney Fink's alleged theft of client funds—lacked the requisite knowledge of computers to properly target his search to that end. The trial court denied Fink's motion. In a second suppression motion, Fink argued that the initial search warrant lacked sufficient particularity and was overbroad and that there was no probable cause to search his home. This motion was also denied. A jury convicted Fink of all counts set forth in the indictment. After exhausting his state court appeals, and failing to obtain post-conviction relief, Fink filed a petition for federal habeas relief. The District Court denied his claims. We will affirm. [1]

**I.**

_____

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

We write only for the parties and assume their familiarity with the factual and procedural history of this case, which are carefully set forth in the District Court's opinion. See Fink v. Phelps, No. 06-181, 2009 U.S. Dist. LEXIS 9132 (D. Del. Feb. 4, 2009).

Fink first argues that his appellate counsel was ineffective in failing to appeal the denial of his first suppression motion. In his detailed and thoughtful opinion, Judge Sleet explained his reasons for denying this claim. See id. Since we can add little to the District Court's reasoning, we will affirm the order denying habeas relief substantially for the reasons set forth in the court's opinion.

## II.

Fink next argues that his convictions on 30 separate counts of possessing and dealing in child pornography amounted to multiple prosecutions for the same offense in violation of the Double Jeopardy Clause. The District Court correctly noticed that, when it considered this assertion, the Delaware Supreme Court inadvertently analyzed newer versions of the state's child pornography statutes that were not in effect when Fink was indicted. After receiving supplemental briefing from the parties, District Judge Sleet nevertheless denied Fink's Double Jeopardy claim, reasoning that both versions of the statutes punish possession of and dealing in child pornography on a per-image, rather than per-transaction, basis.

Appellees now request that we certify to the Delaware Supreme Court the question of how the pre-July 2000 versions of the child pornography statutes should be interpreted. They reason that this is a purely state law issue that is best decided by the state court.

3

However, like Judge Sleet, we do not believe that certification is necessary in this case. First, it is highly unlikely that the question of how to interpret the pre-July 2000 versions of the statutes will ever present itself again. Second, the July 2000 amendments did not change the underlying substantive law. Employing the same method of statutory analysis as the Delaware Supreme Court did when it analyzed the newer statutes, Judge Sleet correctly concluded that the older versions of the statutes unambiguously prosecuted on a per-image basis. Therefore, we will affirm the judgment for the same reasons set forth in Judge Sleet's opinion. See Fink v. Phelps, No. 06-181, 2010 U.S. Dist. LEXIS 51777 (D. Del. May 24, 2010).