# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SOLERA HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N18C-08-315 AML CCLD |
| | ) | |
| XL SPECIALTY INSURANCE | ) | |
| COMPANY, ACE AMERICAN | ) | |
| INSURANCE COMPANY, | ) | |
| ILLINOIS NATIONAL INSURANCE | ) | |
| COMPANY, ARGUONAUT | ) | |
| INSURANCE COMPANY, HUDSON | ) | |
| INSURANCE COMPANY, | ) | |
| ENDURANCE AMERICAN | ) | |
| INSURANCE COMPANY, ZURICH | ) | |
| AMERICAN INSURANCE | ) | |
| COMPANY, LIBERTY INSURANCE | ) | |
| UNDERWRITERS INC., FEDERAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 16, 2019
Decided: September 26, 2019

## ORDER GRANTING LEAVE TO APPEAL
## FROM INTERLOCUTORY ORDER

Defendants seek to certify an interlocutory appeal of this Court's opinion denying Defendants' motion for summary judgment. Although denial of a dispositive motion ordinarily would not warrant the extraordinary step of interlocutory appellate review, such review is justified in this case because the Court's opinion decided two issues of first impression, one of which would resolve

the case entirely if Defendants prevail on appeal. In light of the novel issues decided in the Court's opinion, and the potential that those issues have broader implications within the insurance industry, I grant Defendants' application and certify the interlocutory appeal.

## FACTS AND PROCEDURAL BACKGROUND

The opinion for which Defendants seek interlocutory review involves the Court's interpretation of a directors' and officers' insurance policy (the "Policy"), [1] specifically whether that policy covers attorneys' fees and pre-judgment interest the insured company, Solera, incurred defending an appraisal action in the Court of Chancery. [2]

On January 11, 2019, Defendants ACE Insurance Company ("ACE") and Federal Insurance Company ("Federal," and collectively with ACE, the "Moving Defendants") filed a motion for summary judgment seeking confirmation that "ACE and Federal have no obligation to pay defense expenses or indemnify Solera in connection with the appraisal action."[3] The Moving Defendants argued summary judgment was appropriate because the Policy only provided coverage for

---

[1] Defendant XL Specialty Insurance Company issued the primary Policy and the remaining defendants, including ACE and Federal, issued excess policies, which follow-form and incorporated the Policy's provisions. The Court's interpretation of the Policy's terms and conditions therefore applied to all Defendants. *Solera Hldgs., Inc. v. XL Specialty Ins. Co.*, 2019 WL 3453232, at *1 (Del. Super. July 31, 2019) (hereinafter "July 31 Op.").
[2] *In re Appraisal of Solera Hldgs., Inc.*, 2018 WL 3625644 (Del. Ch. July 30, 2018).
[3] Defs.' Mem. in Supp. of Mot. for Summ. J. (hereinafter "Mot.") 2.

"Loss[es] resulting solely from any Securities Claim,"[4] and the Moving Defendants contended an appraisal action under 8 *Del. C.* § 262 is not a "Securities Claim" as the Policy defines that term. The Moving Defendants alternatively argued summary judgment should be granted because (1) the pre-judgment interest award did not constitute a Loss[5] under the Policy since the underlying fair value award was not a covered Loss; and (2) coverage for most of Solera's Defense Expenses[6] was barred because Solera incurred those expenses without Defendants' consent.

This Court issued its opinion on July 31, 2019 denying Defendants' motion for summary judgment (the "July 31 Opinion").[7] In the July 31 Opinion, the Court held an appraisal action filed under 8 *Del. C.* § 262 is a Securities Claim within the meaning of the Policy because the definition of "Securities Claim" is not limited to claims of wrongdoing. As to the pre-judgment interest award, the Court concluded the Policy's plain language did not limit the definition of "Loss" to pre-judgment

---

[4] The Policy defines "Securities Claim" as a claim: "(1) [M]ade against [Solera] for any actual or alleged violation of any federal, state, or local statute, regulation, or rule or common law regulating securities, including but not limited to the purchase or sale of, or offer to purchase or sell, securities, which is: (a) brought by any person or entity resulting from, the purchase or sale of; or offer to purchase or sell, securities of [Solera]; or (b) brought by a security holder of [Solera] with respect to such security holder's interest in securities of [Solera] . . . ." Policy § II(S); *see* July 31 Op. at *1-2.

[5] "The Policy covers any 'Loss' resulting from a Securities Claim, which includes 'damages, judgments, settlements, pre-judgment and post-judgment interest or other amounts (including punitive, exemplary or multiplied damages, where insurable by law)' that Solera legally is obligated to pay . . . ." Policy § II(O); *see* July 31 Op. at *2.

[6] The Policy defines "Defense Expenses" as the "reasonable and necessary legal fees, expenses and other costs (including experts' fees): (1) incurred in the investigation, adjustment, settlement, defense and/or appeal of any [c]laim, [i]nvestigation [d]emand or [i]nterview . . . ." Policy § II(F); *see* July 31 Op. at *2.

[7] July 31 Op. at *1.

interest on a covered judgment, but ruled that factual issues, including mitigation of damages, precluded summary judgment.[8]  Finally, the Court held as a matter of Delaware law that the Policy's clause requiring the insurer's prior consent to Defense Expenses (the "Consent Clause") impliedly contained a prejudice requirement.  Whether the Moving Defendants suffered such prejudice, the Court ruled, also was a disputed factual issue.[9]

Defendant Sompo International[10] filed a motion for reconsideration or clarification on August 7, 2019, seeking to clarify that "notwithstanding [the Court's] comment in the Opinion that Delaware law applied to certain issues at this juncture, choice of law issues remain to be explored through discovery and, ultimately, in further motions on pretrial proceedings in this case[.]"[11]  The Court entered its letter opinion on August 29, 2019 (the "August 29 Opinion") regarding the motion for reconsideration or clarification.[12]  The August 29 Opinion confirmed that the July 31 Opinion did not resolve any choice of law question because that issue was not ripe for consideration, and the parties remained free to argue choice of law at a later date, if appropriate.[13]

---

[8] *See Id*. at *6.
[9] *Id*. at *7-8.
[10] Sompo International is the successor to Endurance American Insurance Company.
[11] Def.'s Mot. for Recons. or Clarification (hereinafter "Mot. for Recons.") 1-2.
[12] *Solera Hldgs., Inc. v. XL Specialty Ins. Co.*, 2019 WL 4120688 (Del. Super. Aug. 29, 2019) (hereinafter "Aug. 29 Op.").
[13] *Id*. at *2.

On September 4, 2019, Defendants ACE and Federal submitted an application (the "Application") to certify the July 31 Opinion for interlocutory appeal to the Delaware Supreme Court.[14]  Solera responded on September 16th, stating that it does not oppose interlocutory review and that the parties had stipulated to continue discovery and pretrial work while the interlocutory appeal is pending.[15]  Solera, of course, does not agree with the Moving Defendants' underlying challenges to the Court's summary judgment ruling.[16]

## ANALYSIS

Although the parties agree that this matter should be certified for interlocutory appeal, this Court independently must determine that such certification is appropriate.  An interlocutory appeal only should be certified where

---

[14] An application for certification of an interlocutory appeal must be "served and filed within 10 days of the entry of the order from which the appeal is sought . . . ."  Del. Sup. Ct. R. 42(c)(i). Although there is no clear case law regarding whether a motion for reconsideration or clarification stays the time period for seeking certification of an interlocutory appeal, the Delaware Supreme Court repeatedly has held that motions for reargument stay the period to appeal a final order.  *See Bowen v. E.I. DuPont de Nemours and Co., Inc.*, 879 A.2d 920, 921-22 (Del. 2005) ("In a civil action, the timely filing of a motion for reargument suspends the finality of the judgment and tolls the time for taking an appeal from what would otherwise have been a final judgment") (citing *Linda D.P. v. Robert J.P.*, 493 A.2d 968, 969 (Del. 1985) ("Therefore, while a Motion for Reargument is pending before the Family court, the finality of the judgment is suspended")); *see also U.S. v. Kalb*, 891 F.3d 455, 463 (3rd Cir. 2018) ("But if the government timely seeks reconsideration of the order, it is rendered nonfinal until the court decides the motion for reconsideration, and the thirty-day appeal period runs from an order denying the motion").  The parties did not address in their papers whether Moving Defendants' application to certify the appeal was timely.  In my view, the motion for reconsideration stayed the period for seeking interlocutory review since it would be difficult for the Moving Defendants to determine whether and on what issues to seek interlocutory review before the motion for reconsideration was decided.  Accordingly, I conclude the present application for certification of an interlocutory appeal is timely.

[15] Pl.'s Resp. to the Appl. for Certification of Interlocutory Order (hereinafter "Pl.'s Resp.") 1.

[16] *Id*. at 1-2.

5

the relevant order decides a "substantial issue of material importance that merits appellate review before a final judgment."[17] In making its determination, this Court must consider: (1) the factors set forth in Delaware Supreme Court Rule 42, (2) the most efficient and just schedule to resolve the case, and (3) "whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[18] This Court should refrain from certifying an interlocutory appeal if the balance between the benefits and costs is uncertain.[19]

Initially, the Court must determine whether the July 31 Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[20] A "substantial issue of material importance" is one that addresses the merits of the case, not merely collateral matters.[21] The Court's opinion resolved key issues in this matter, including interpretation of several contractual provisions, and therefore interlocutory appellate review will resolve substantial issues of material importance.[22]

---

[17] Del. Sup. Ct. R. 42(b)(i).
[18] Del. Sup. Ct. R. 42(b)(iii).
[19] *Id.*
[20] Del. Sup. Ct. R. 42(b)(i).
[21] *In re CNX Gas Corp. S'holders Litig.*, 2010 WL 2705147, at *13 (Del. Ch. July 5, 2010) (citing *Castaldo v. Pittsburgh-Des Moine Steel Co.*, 301 A.2d 87, 87) (Del. 1973)).
[22] *See, e.g., Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 606 A.2d 73, 74 (Del. 1992) (finding insurer's right to exclude certain claims from coverage a "substantial issue"); *State Farm Mut. Auto. Ins. Co. v. Abramowicz*, 386 A.2d 670, 671 (Del. 1978) (finding the "validity of a contract provision essential to the position of the parties" is considered to be a

**A. The Rule 42 factors support certification.**

The Court also must consider whether one or more of the eight Rule 42 factors apply to the interlocutory order. After reviewing the parties' arguments and the July 31 Opinion, I conclude three of those factors are met in this case: (A) "[t]he interlocutory order involves [questions] of law resolved for the first time in [Delaware];" (G) "[r]eview of the interlocutory order may terminate the litigation;" and (H) "[r]eview of the interlocutory order may serve considerations of justice."[23]

**1. The July 31 Opinion involved questions of law addressed for the first time in Delaware.**

The July 31 Opinion decided two issues of first impression in Delaware: (1) the meaning of "Securities Claim" within a D&O policy and whether an appraisal action is such a claim, and (2) whether a consent clause relating to defense expenses contains an implied prejudice requirement under Delaware law. As to the definition of a Securities Claim, the Court's interpretation of the Policy was a question of law.[24] No prior Delaware decision defined that term or considered whether the term encompasses an appraisal action under Section 262. Although

---

substantial issue); *Shook & Fletcher Asbestos Settlement Trust v. Safety Nat. Cas. Corp.*, 2005 WL 3007806, at *2 (Del. Super. Oct. 27, 2005) ("The extent of insurance coverage as a matter of law is a substantial issue for purposes of interlocutory appeal").

[23] Del. Sup. Ct. R. 42(b)(iii). Moving Defendants also argued that Rule 42(b)(iii)(C) applied. That factor is met if "[t]he question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order." Although the July 31 Opinion tangentially related to Section 262 and the nature of an action under that section, the Court's decision will not affect appraisal actions or how they proceed under that statute, and therefore this criteria is not a compelling basis to certify interlocutory review.

[24] July 31 Op. at *4.

7

the Court applied settled principles of contractual interpretation to the relevant Policy language, the interpretive question never has been addressed in Delaware (or any other jurisdiction) and may have implications beyond just the Policy at issue in this case. [25]

As to the Consent Clause, the Court held that settled Delaware law implies a prejudice requirement in insurance policy consent-to-settle clauses, and that prejudice requirement also should be implied in consent-to-defense-expenses clauses. The Court reasoned:

> I cannot find any reason why the implied prejudice requirement that Delaware courts apply to consent-to-settle clauses would not also apply to the Consent Clause in this case. Both consent-to-settle and consent-to-defense provisions are meant to allow the insurer a meaningful opportunity to participate in litigation and to protect the insurer from prejudice, but a strict interpretation of either provision would lead to forfeiture of coverage. Implying the prejudice requirement in both circumstances protects an insured who has breached a consent provision from the harsh result of forfeiture, but only if the insured can prove by competent evidence a lack of prejudice to the insurer. [26]

This extension of the implied prejudice requirement to a consent-to-defense clause is an issue of first impression in Delaware and therefore is appropriate for interlocutory review.[27]

---

[25] *See* Defs.' Appl. for Certification of Interlocutory Order (hereinafter "Appl.") 6; Pl.'s Resp. at 2.

[26] July 31 Op. at *7 (internal citations omitted).

[27] Although Moving Defendants argue otherwise, I do not agree that the Court's ruling regarding whether pre-judgment interest is a "Loss" under the policy is an issue of first impression.

**2. Interlocutory review may terminate the litigation.**

The Moving Defendants contend that if the July 31 Opinion is reversed in whole or in part, the case would terminate as to either or both of them, and "interlocutory review of the dispositive legal issue presented by the parties' early cross-motions [sic] for summary judgment presents the most efficient and just schedule to resolve the case."[28] The Court agrees that the definition of a "Securities Claim," and whether an appraisal action constitutes such a claim, is case-dispositive if the Moving Defendants prevail on their appeal. If the Appraisal Action does not fall within a "Securities Claim," the parties other coverage disputes are moot.

**3. Interlocutory review may serve considerations of justice.**

The Court agrees with the parties that the July 31 Opinion has implications for the broader insurance industry, and clarifying the Policy's scope and interpretation will serve the parties in this case and potentially in other pending or future cases. Along with the definition of "Securities Claim," the existence or nonexistence of an implied prejudice requirement in consent-to-defense clauses is

---

Nonetheless, if the Delaware Supreme Court accepts the interlocutory appeal, it would be efficient for the Court to consider all three issues addressed in the July 31 Opinion.
[28] Appl. at 7-8. Solera never filed a motion for summary judgment. Although Solera suggested in briefing and at oral argument that the Court enter judgment *sua sponte* in Solera's favor, the Moving Defendants stridently resisted that request.

likely to have ramifications beyond this case. Achieving certainty regarding these issues may aid resolution of other insurance coverage disputes.

**B. Interlocutory review would support an efficient and just resolution of this case, and the benefits of such review outweigh its probable costs.**

Having concluded that the July 31 Opinion decided a substantial issue of material importance and that three of the criteria under Supreme Court Rule 42(b)(iii) are met, this Court also must offer its own assessment of the most efficient and just schedule to resolve the case and its determination of "whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[29] Interlocutory review will be efficient in this case because it will resolve most of the parties' disagreements. The appeal will not substantially delay the case because the parties have agreed to proceed with discovery while the appeal, if accepted, is resolved. Moreover, as set forth above, other insurers and insureds beyond those ensnared in this particular case likely will benefit from interlocutory review of the July 31 Opinion. For those reasons, interlocutory review is in the interests of justice and its benefits outweigh the cost of piecemeal litigation.

---

[29] Del. Sup. Ct. R. 42(b)(iii).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants have met the certification standards for interlocutory review, and Defendants' Application for Certification of Interlocutory Order to the Delaware Supreme Court is **GRANTED**.  This order does not stay discovery or related pretrial proceedings before this Court.[30]

**IT IS SO ORDERED.**

*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

Original to Prothonotary
cc: All Counsel of Record

---

[30] Del. Sup. Ct. R. 42(e).