IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH E. FINK, | § | |
| | § | |
| Defendant Below, | § | No. 451, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0005008005 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 12, 2019
Decided: November 22, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **TRAYNOR,** Justices.

## **ORDER**

Having considered the notice to show cause and the response to the notice to show cause, it appears to the Court that:

(1)    On October 3, 2019, the Superior Court denied the appellant Kenneth Fink's motion for review and/or reduction of his probationary sentence. On October 9, 2019, Fink filed a timely motion for reargument in the Superior Court.[1] On October 31, 2019, while the motion for reargument was still pending, Fink filed a

---

[1] Super. Ct. Civ. R. 6(a) (excluding intermediate Saturdays, Sundays and legal holidays in computation of time period that is less than eleven days); Super. Ct. Crim. R. 45(a) (excluding intermediate Saturdays, Sundays and legal holidays in computation of time period that is less than eleven days); Super. Ct. Civ. R. 59(e) (requiring motion for reargument to be filed within five days after filing of the Superior Court's decision); Super. Ct. Crim. R. 57(d) (providing for the application of the Superior Court Civil Rules).

notice of appeal from the Superior Court's October 3, 2019 order in this Court. The Senior Court Clerk issued a notice directing Fink to show cause why this appeal should not be dismissed for this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal case. In his response to the notice to show cause, Fink states that he filed an appeal because he was not sure his motion for reargument tolled his time to file an appeal.

(2)     This Court may only review a final judgment in a criminal case.[2] "[A] timely filed motion for reargument will suspend the finality of the judgment and toll the time in which to file a notice of appeal with this Court."[3] In light of the timely and pending motion for reargument, this appeal must be dismissed as interlocutory. After the Superior Court rules on the motion for reargument, Fink may appeal the Superior Court's October 3, 2019 order.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(c), that this appeal is DISMISSED. The filing fee paid by Fink shall be applied to any future appeal he files from a final order entered in the case.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] Del. Const. art. IV, § 11(1)(b). *See also Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding this Court lacks jurisdiction to review interlocutory orders in criminal cases).
[3] *Dickens v. State*, 2004 WL 1535814, at *1 (Del. June 25, 2004) (citing *Linda D.P. v. Robert J.P.*, 493 A.2d 968 (Del. 1985) and *Duffy v. State*, 1998 WL 138945 (Del. Mar. 4, 1998)).