**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 0005008005 |
| | ) | |
| KENNETH FINK, | ) | |
| | ) | |
| Defendant. | ) | |

*Submitted*: October 10, 2019

*Decided*: January 3, 2020

## ORDER GRANTING IN PART AND DENYING IN PART KENNETH FINK'S MOTION FOR REARGUMENT

The Court has reviewed Defendant Kenneth Fink's Motion for Reargument (the "Motion for Reargument"). And now, this 3rd day of January, 2020, the Court grants in part, and denies in part, the Motion for Reargument as follows:

**Background of Defendant's Multiple Offenses and Violations of Probation**

1. A more complete recitation of Defendant's criminal history can be found in prior opinions from this Court, the Supreme Court of Delaware and various Federal Courts and will not be repeated here, other than facts pertinent to the Motion for Reargument.[1]

---

[1] *See, e.g., Fink v. State*, 817 A.2d 781 (Del. 2003); *Fink v. State*, 894 A.2d 406 (Table), 2006 WL 659302 (Del. March 14, 2006); *State v. Fink*, 2010 WL 2991579 (Del. Super. July 30, 2010); *Fink v. Phelps*, 2009 WL 320859 (D. Del. Feb. 4, 2009); *Fink v. State*, 16 A.3d 937 (Table), 2011 WL 1344607 (Del. Apr. 7, 2011); *Fink v.*

1

2. By way of summary, Defendant has a long history in this Court, dating back to the year 2000. Defendant, a disbarred Delaware attorney, originally came to the attention of the Attorney General's office because of allegations of misuse of client funds. During an investigation into these allegations, a detective discovered a file containing child pornography. Eventually, more than 190 images of child pornography were found on Defendant's computer.[2]

3. In March 2002, a Superior Court jury convicted Defendant of 15 counts of Unlawfully Dealing in Materials Depicting a Child Engaged in a Prohibited Act and 15 counts of Possession of Child Pornography.[3] On May 23, 2002, following a pre-sentence investigation, the Court sentenced Defendant to eight years at Level V custody followed by 35 years of probation. The Court specifically ordered, among other things, that Defendant was to have no computer with internet access.[4]

4. Defendant, after his initial release from Level V custody, repeatedly violated his probation by continuing his pattern of behavior, including accessing the

---

*Phelps*, 448 F. Appx. 258 (3d Cir. Oct. 18, 2011); *Fink v. Morgan*, 2014 WL 2600134 (D. Del. June 9, 2014).

[2] The Supreme Court upheld the validity of the search warrants in connection with these searches. *Fink v. State*, 817 A.2d 781 (Del. 2003).

[3] *Id.* Defendant's conviction from 2002 will be referred to herein as the "2000 Case," based on the date of Defendant's indictment.

[4] On March 24, 2004, upon an application by Defendant to reduce his sentence, the Court suspended two years of the eight years Level V custody.

internet to view child (and adult) pornography and possessing electronic devices, despite specific orders not to do so. For example:

a. In April 2008, shortly after Defendant's initial release from Level V custody, Defendant was found with child pornography on his computer. In the report from this violation, the probation officer noted that given the Defendant's continued access to pornographic images, "considering what it has cost him in his life, and what he faced were he to be caught again, reveals a person unable to control his paraphilic urges." Moreover, the fact that Defendant would indulge in the continued use of child pornography "belie[d] his insistence that his collection of child pornography in the past was incidental to his collection of other pornography." Defendant subsequently pleaded guilty to a single count of Unlawfully Dealing in Child Pornography in December 2008.[5]

b. In February 2012, within days of Defendant's second release from Level V custody, Defendant was again found accessing child pornography.

---

[5] Defendant was indicted on ten counts, but eventually pleaded guilty to one count of Unlawfully Dealing in Child Pornography and the State entered a *nolle prosequi* on the remaining counts. *Fink v. State*, 16 A.3d 937 (Table), 2011 WL 1344607 (Del. Apr. 7, 2011) (the "2008 Case"). For the 2008 Case, Defendant was sentenced to 10 years at Level V custody with credit for 36 days previous served, suspended after 3 years 6 months at Level V, followed by probation. Special conditions of this sentence were, among other things, to "not to possess any device with internet access." Defendant was also found in violation of his 2000 Case and sentenced to probation for these violations.

Notably, despite a special sex offender condition imposed upon Defendant's release that he was to have "ABSOLUTELY NO COMPUTER ACCESS FOR ANY REASON," the probation officer found *numerous* sites visited by Defendant that contained pornographic images. Defendant admitted to the probation officer that he had searched for and viewed these sites. The probation officer also noted that Defendant was a "twice convicted child pornographer and within days upon his release, he had gone to great lengths to obtain the usage of a computer risking his freedom, with no concern for the consequences."[6]

c.       On February 26, 2013 – just over a month after being released from treatment – probation and parole located five thumb drives and a device

---

[6]       As a result of this, the Court found Defendant in violation of probation and sentenced him as follows: For his 2008 Case, the Court sentenced Defendant to ten years at level V custody with credit for 3 years, 7 months and 16 days previously served, with the balance of his sentence suspended for various levels of probation. For his 2000 Case, probation was continued as previously imposed. In October 2012, the Court held a review of sentence hearing and a discussion of Defendant's treatment plan, where the Court modified Defendant's sentence as follows: For Defendant's 2008 Case, he was sentenced to ten years at Level V with credit for three years eight months 14 days previously served, suspended for two years at Level III. For Defendant's 2000 Case, probation was also continued as previously imposed. According to the violation of probation report from February 2013, during the Defendant's review hearing on October 17, 2012, the Court "went to exorbitant lengths to advise [Defendant] that any further violations would result in significant penalties for him in any future violation hearings." The Court also imposed several conditions on his probation, including that he was not permitted to have or get access to a cell phone, internet or pornography.

capable of playing these thumb drives in Defendant's home despite a "very specific special condition not to have pornography or computer storage devices." Two laptops were also removed from a car in front of Defendant's residence. Defendant was later found in violation of probation. In April 2013, the Court sentenced Defendant to ten years at Level V with credit for 3 years eight months and 15 days previously served, suspended after five years at Level V for his 2008 Case.[7] The balance of the Defendant's sentence was suspended for various levels of probation. For Defendant's 2000 Case, the Court sentenced Defendant to ten years of Level II probation to be served consecutively.

5.    On November 14, 2018, probation and parole issued a progress report noting that Defendant "ha[d] incurred no new criminal charges and [w]as fully employed" and the monies owed to the Court were paid in full. The probation officer also noted that while it "ha[d] been a long road of recovery for [Defendant]…he seems to have settled in to a normal and productive life." As such, the probation officer requested that Defendant's probation be discharged. The Court (who was the sentencing Judge) summarily denied this request on the same day.[8]

---

[7]    Despite this Order to serve five years at Level V, it appears that Defendant served little or no Level V time and then served a 6 month sentence at Level IV work release.

[8]    In the progress report, the probation officer references Defendant's 2008 Case, but not his 2000 Case. The progress report, however states that since October

**Defendant's Current Motion for Review/Reduction of Sentence**

6.      On September 4, 2019, Defendant filed a Motion for Review and/or Motion for Reduction of a Probationary Sentence ("Motion for Reduction in Sentence"). In his Motion for Reduction in Sentence, Defendant requested that the Court modify the term of his remaining Level II probation from his 2000 Case so that it would run concurrently, rather than consecutively. In support thereof, Defendant stated that he has remained "gainfully employed," he purchased a home, he owns two rental properties, and participated in a sex offender's treatment program. Defendant also submitted a one-page "Discharge Summary" from Aim Therapeutic Services. Defendant, however, expressed no remorse or responsibility for his previous actions in his Motion for Reduction in Sentence.

7.      On October 1, 2019, the Court denied Defendant's Motion for Reduction of Sentence. In doing so, the Court noted that Defendant made the request more than 90 days after the Court imposed the sentence. More importantly, however, the Court noted that there were no circumstances warranting a reduction

23, 2018, Defendant has been serving the balance of his probation at Level II, and references Defendant's 2013 violation of probation. The progress report, however, is not consistent with the Court's April 2013 sentencing order, where the Court did not sentence Defendant to any Level II time for his 2008 Case. In April 2013, the Court only sentenced Defendant to Level II time for his 2000 Case (not his 2008 Case). Therefore, it is unclear whether the probation officer was requesting that Defendant's Level II probation be discharged for Defendant's 2000 Case or his 2008 Case. In any event, the sentencing Judge reviewed the request and immediately denied it.

in Defendant's sentence. The Court notes that because the undersigned Judge was not the sentencing Judge, in reviewing Defendant's Motion for Reduction of Sentence, it reviewed the entirety of his nearly two-foot-thick case file from his 2000 and 2008 Cases *de novo*. This included a review of Defendant's pre-sentence reports, violation of probation reports, sentencing orders, appellate briefing, appellate opinions and various other documents contained in his file.

8. On October 8, 2019, Defendant filed his Motion for Reargument pursuant to Superior Court Criminal Rule 57(d) and Superior Court Civil Rule 59(e). Defendant argued that the Court applied the incorrect standard pursuant to Superior Court Criminal Rule 35(b). Defendant again did not express remorse or accept responsibility for his actions in his Motion for Reargument.[9]

**Analysis**

9. In Delaware, there is no specific criminal rule governing motions for reargument.[10] Pursuant to Superior Court Criminal Rule 57(d), however, the Court "shall regulate its practice in accordance with applicable Superior Court civil rule or

---

[9] On October 31, 2019, while the Motion for Reargument was still pending, Defendant filed a notice of appeal from this Court's October 1, 2019 order to the Supreme Court of Delaware. The Supreme Court dismissed Defendant's appeal on November 22, 2019 because "[i]n light of the timely and pending motion for reargument, this appeal must be dismissed as interlocutory." *Fink v. State*, 2019 WL 6271182 (Del. Nov. 22, 2019).

[10] *State v. Brown*, 2019 WL 3249402 (Del. Super. July 18, 2019) (internal citations omitted).

7

in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."[11] Therefore, Superior Court Civil Rule 59(e) is controlling in this criminal manner.[12]

10. Well-established case law interpreting Rule 59(e) holds that a "motion for reargument is not a device for just repeating arguments already presented or making new arguments."[13] Rather, a proper motion for reargument will establish that the Court "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[14] "The purpose of all Rule 59 motions is to provide the trial court with an opportunity to reconsider a matter and to correct any alleged legal or factual errors prior to an appeal."[15]

11. The Court takes this opportunity to reconsider Defendant's request for a reduction in his sentence, thereby granting his Motion for Reargument in part. While the Court incorrectly noted in its October 1, 2019 Order that Defendant's motion was untimely, the Court correctly noted that there were no circumstances

---

[11] Super. Ct. Crim. R. 57(d).
[12] *State v. Brown*, 2019 WL 3249402, at *2.
[13] *Id.* (internal citations omitted).
[14] *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003).
[15] *Bowen v. E.I. DuPont de Nemours and Co., Inc.*, 879 A.2d 920, 922 (Del. 2005).

warranting a reduction in his sentence. As such, the Court again denies Defendant's request for a reduction in sentence.

12. After receiving Defendant's Motion for Reargument, the Court reviewed Defendant's two-foot-thick file in its entirety *for a second time*. What struck the Court as it reviewed this entire record – *again* – was Defendant's failure to abide by his previous probations and his consistent lack of remorse and failure to accept responsibility. Indeed, Defendant blatantly violated his probation multiple times and the Court's orders to not own a computer or go onto the internet – let alone view child pornography (or any pornography) – as a specific term of his sentence.

13. The case law with respect to the proper standard the Court should apply when reviewing and/or reducing a sentence of probation is sparse.[16] Nonetheless, the Supreme Court has held that it will "review the Superior Court's grant or denial of a motion for modification of sentence for abuse of discretion."[17] "Under this highly deferential standard, the test is whether 'the trial court acted within a zone of reasonableness or stayed within a 'range of choice.'"[18]

---

[16] *See, e.g., Johnson v. State*, 941 A.2d 1018 (Del. Jan. 9, 2008) (Table) (simply noting that Superior Court Criminal Rule 35(b) provides that the "Superior Court may reduce a defendant's term of probation 'at any time'").
[17] *Wilkerson v. State*, 173 A.3d 1061, 2017 WL 5450747, at *1 (Del. Nov. 13, 2017) (Table).
[18] *Id.*

9

14. The *Wilkerson* case has similar facts to those presented here. In *Wilkerson*, the defendant pleaded guilty to one count of Dealing in Child Pornography and two counts of Possession of Child Pornography.[19] The defendant was sentenced to twenty-five years at Level V, suspended after three years and six months for decreasing levels of supervision, and for each count of Possession of Child Pornography, three years of Level V, suspended for three years of Level III probation (to run concurrently).[20] The defendant was also prohibited from having any contact with any minor children (except for his own), and prohibited from owning or possessing any electronic equipment that could access the internet.[21]

15. The defendant sought to modify the conditions of his probation that he have no contact with minors (except his children) and to have internet access and a cellphone with internet capability and a camera because these were necessary for reestablishment of his business and he could not find a cell phone without a camera.[22]

16. In affirming the Superior Court's decision denying a modification of the defendant's sentence, the Supreme Court held that "[a]lthough the Superior Court mistakenly applied the ninety-day limitation to Wilkerson's motion to modify the terms of his probation, we nonetheless affirm the Superior Court's denial of

---

[19]  *Id.*
[20]  *Id.*
[21]  *Id.*
[22]  *Id.*

Wilkerson's motion."[23] In doing so, the Supreme Court noted that the Superior Court reviewed Wilkerson's presentence report and considered the nature of his crimes before imposing the original sentence.[24] In light of this, the Superior Court concluded that the sentence remained appropriate in light of the nature of the offenses.[25] Moreover, "[g]iven the nature of Wilkerson's crimes (use of the internet to obtain and view child pornography) and the arguments in his motion, the Superior Court did not act unreasonably in denying Wilkerson's motion to modify his sentence."[26]

17. As noted above, the undersigned Judge, in reviewing Defendant's Motion for Modification of Sentence, reviewed Defendant's entire two-foot-thick case file. After doing so, the Court concluded that in light of the nature of the offenses, Defendant's repeated violations of probation with the same prohibited conduct (viewing child pornography, adult pornography and ownership of computers and computer devices), that the sentence remained appropriate. The Court found that no circumstances presented by Defendant warranted a reduction in

---

[23]     *Id.* at *2.
[24]     *Id.*
[25]     *Id.*
[26]     *Id.*

Defendant's probation sentence so that his probation time should run concurrently rather than consecutively.[27]

18.   The Court also notes that while Defendant argued in his Motion for Reduction of Sentence that a reduction in his sentence is warranted because he has remained "gainfully employed," and participated in (and was purportedly discharged from) a sex offender's treatment program, Defendant has not demonstrated that these facts warrant a reduction in his sentence. Previously, Defendant was employed after serving Level V time and participated in an intense rehabilitation program at the Keystone Center. Despite this, Defendant repeatedly violated the terms of his probation by viewing pornography and possessing electronic devices. These actions were in blatant violation of the Court's orders.

19.   The Court also notes that most recently, probation and parole recommended discharging Defendant's remaining probation because of Defendant's purported rehabilitation. The sentencing Judge summarily denied this request. During the Court's review of the file for the Motion for Reduction of Sentence and

---

[27]   *See Runyan v. State*, 2019 WL 5095828 (Del. Oct. 10, 2019) (noting that although the Superior Court applied the incorrect standard for modification of the terms of partial confinement, the court's judgment could "be affirmed on the independent and alternative grounds that no additional information had been provided to the court that would warrant a reduction or modification of [the defendant's] sentence").

the Motion for Reargument, the undersigned Judge gave great deference to the sentencing Judge's denial of this request.[28]

20. As in *Wilkerson*, "rather than acknowledge the seriousness of his past crimes and the dangers they present to the most vulnerable among us, [Defendant is seeking] relaxed restrictions" on his probation "without taking full responsibility for his crimes."[29] The Court took this failure to accept responsibility – on multiple occasions – into consideration during the Court's initial denial of the Motion for Reduction of Sentence and the current denial of his Motion for Reargument.

21. Given the totality of circumstances of this case – Defendant's repeated deliberate violations of probation with the same prohibited conduct, Defendant's previous unsuccessful attempts at rehabilitation, deference to the sentencing Judge in his violation of probation sentencing orders and subsequent denial of probation and parole's request to discharge probation – the Court finds that nothing in the record warrants a reduction in Defendant's probation time so that it runs concurrently rather than consecutively.

---

[28] *See Wilkerson*, 2017 WL 5450747, at \*2 n.10 (noting that the "trial court judge who is closest to the case is the one whose judgment is most important and entitled to due deference").
[29] *Id.* at \*2 n.10.

22. For all of these reasons, Defendant's Motion for Reargument is

**GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

_____
Meghan A. Adams, Judge

Original to Prothonotary

cc: Kathleen Jennings, Delaware Attorney General
Albert J. Roop, V, State Prosecutor, Delaware Department of Justice
Kenneth Fink, *pro se* (SBI No. 00439044)