IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS HEBREW EVANS, JR., | § | |
| | § | |
| Defendant Below, | § | No. 157, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0609011528A (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: June 21, 2021
Decided: June 24, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGMERY-REEVES**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On May 17, 2021, the appellant, Augustus H. Evans, filed this appeal from a Superior Court order, dated April 19, 2021, denying his tenth motion for postconviction relief under Superior Court Criminal Rule 61. Before filing this notice of appeal, Evans filed a timely motion for reargument in the Superior Court.

(2) On June 9, 2021, the Senior Court Clerk issued a notice directing Evans to show cause why this appeal should not be dismissed based on this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an

interlocutory appeal in a criminal matter. The notice also directed Evans to explain why his motion to proceed *in forma pauperis* should not be denied based on his false certifications that he had made a diligent and good faith effort to determine the relevant case law controlling the issue he sought to raise and that he had no reason to believe his claims were foreclosed by controlling law.[1]

(3) This Court may only review a final judgment in a criminal case.[2] "[A] timely filed motion for reargument will suspend the finality of the judgment and toll the time in which to file a notice of appeal with this Court."[3] In light of the timely and pending motion for reargument, this appeal must be dismissed as interlocutory. After the Superior Court rules on the motion for reargument, Evans may appeal the Superior Court's April 19, 2021 order, but he will have to pay the filing fee or be granted permission to proceed *in forma pauperis*.[4]

---

[1] Based on his history of repetitive and frivolous filings, Evans cannot challenge his criminal convictions in this Court unless he submits the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e)5 and that motion is granted by the Court. *Evans v. State*, 2015 WL 7758307, at *2 (Del. Dec. 1, 2015).

[2] Del. Const. art. IV, § 11(1)(b). *See also Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding this Court lacks jurisdiction to review interlocutory orders in criminal cases).

[3] *Dickens v. State*, 2004 WL 1535814, at *1 (Del. June 25, 2004) (*citing Linda D.P. v. Robert J.P.*, 493 A.2d 968 (Del. 1985)).

[4] We note that any Rule 61 claims are foreclosed by controlling law unless the requirements of Rule 61(d)(ii) are satisfied.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice