**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**MEGHAN A. ADAMS**
**JUDGE**

**LEONARD L. WILLIAMS JUSTICE CENTER**
**500 NORTH KING STREET, SUITE 10400**
**WILMINGTON, DELAWARE 19801**
**(302) 255-0634**

August 3, 2022

RE:    State v. Joshua Rivera
       ID No. 1908004392

Dear Counsel:

The Court has reviewed Defendant Joshua Rivera's ("Rivera") Motion for Reargument and the State's opposition thereto.    For the reasons stated herein, the Motion for Reargument is DENIED.

The Superior Court Criminal rules do not contain a specific rule governing motions for reargument.[1]    In such circumstances, Superior Court Criminal Rule 57(d) provides that the Court "regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."[2]    Therefore, Superior Court Civil Rule 59(e) governs Rivera's Motion for Reargument.

The moving party bears a heavy burden on a motion for reargument.  A motion for reargument is not a device for raising new arguments, nor is it intended to rehash

---

[1]    *State v. Wright*, 2022 WL 1013311, at *1 (Del. Super. Mar. 9, 2022).
[2]    Del. Super. Ct. Crim. Rule 57(d).

the arguments already decided by the Court. The only issue on a motion for reargument under Superior Court Civil Rule 59(e) "is whether the Court overlooked something that would have changed its earlier decision."[3] The Motion for Reargument will be denied "unless the Court has overlooked a controlling precedent or legal principles, or unless the Court has misapprehended the law or facts such as would affect the outcome of the decision."[4]

Rivera, in his Motion for Reargument, restates the same arguments he asserted in his Motion for Correction of Sentence. The Court has already addressed these arguments in its May 9, 2022 Memorandum Opinion and Order and will not re-state its rulings here. Rather than comply with the standards under Superior Court Civil Rule 59(e), Rivera's Motion for Reargument instead takes issue with the Court's decision denying his Motion for Modification. The proper venue for such disagreement with the Court's ruling is an appeal to the Supreme Court of Delaware – not a motion for reargument.[5]

---

[3] *Ferko v. McLaughlin*, 1999 WL 167827, at *1 (Del. Super. Feb. 19, 1999) (citing *McElroy v. Shell Petroleum, Inc.*, 1992 WL 397468 (Del. Super. Nov. 24, 1992)).

[4] *Eisenmann Corp. v. General Motors Corp.*, 2000 WL 303310, at *1 (Del. Super. Feb. 24, 2000) (citing *Interim Health Care v. Fournier*, 1994 WL 148266, at *2 (Del. Ch. Mar. 25, 1994)).

[5] *See Bowen v. E.I. duPont de Nemours and Co., Inc.*, 879 A.2d 920, 921 (Del. 2005) ("The purpose of all Rule 59 motions is to provide the trial court with an opportunity to reconsider a matter and to correct any alleged legal or factual errors prior to an appeal."); *see also State v. Simpson*, 2017 WL 3605358, at *1 (Del. Super. Aug. 21, 2017) (citing *Kennedy v. InvacareCorp.*, 2006 WL 488590, at *1 (Del.

Rivera has not presented the Court with any overlooked controlling precedent or legal principles that would change the Court's decision, nor has Rivera shown that the Court misapprehended facts in a material way. Rivera's disagreement with the Court's decision is not grounds for granting reargument. Therefore, the Court will deny Rivera's Motion for Reargument. **IT IS SO ORDERED.**

*/s/ Meghan A. Adams*

**Meghan A. Adams, Judge**

---

Super. Jan. 31, 2006); (*Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)) ("[A] motion for reargument is not…intended to rehash the arguments already decided by the court. Such tactics frustrate the interests of judicial efficiency and the orderly process of reaching finality on the issues."); *see also* Del. Const. art. IV, § 11.